### GLENN v. W. C. MITCHELL CO.*

(Circuit Court of Appeals, Eighth Circuit. July 29, 1922.)

No. 6046.

1. **Judgment ⬅117—Where complaint sought judgment against defendant as surviving partner, default judgment against him individually and as surviving partner held erroneous.**

   The judgment must follow the pleadings, and where a complaint sought to recover from defendant on a partnership debt as surviving partner, and did not allege that the firm had no assets or was insolvent, a default judgment against him individually and as surviving partner was erroneous.

2. **Partnership ⬅245(3)—Surviving partner entitled to have firm assets first applied to firm debts.**

   A surviving partner is entitled to have firm assets, if any, first applied to the firm indebtedness.

3. **Appeal and error ⬅888(2)—Plaintiff not permitted to amend complaint to conform to judgment on appeal by defendant following default judgment.**

   Where the complaint sought to recover judgment against defendant as surviving partner, but default judgment was rendered against him individually and as surviving partner, plaintiff cannot amend to conform to the judgment, on an appeal by defendant, following the court's refusal to open the default judgment.

4. **Appearance ⬅26—Defect in service waived by asking that default judgment be opened.**

   The filing by one against whom a default judgment was rendered of an application for an order to show cause why the judgment should not be opened and defendant permitted to defend was such a general appearance as waived any defect in the service of the summons.

5. **Judgment ⬅161—On proposed answer in action by factor or broker, refusal to open default judgment not abuse of discretion.**

   In an action for services and advances by plaintiff as broker and factor, where defendant's proposed answer admitted the execution of notes, without alleging that they had been paid, and though alleging that the indebtedness had been reduced by shipments, did not state the amount, or deny the written stated acccount, which the testimony tended to show was agreed on, the trial court's refusal to open a default judgment and permit defendant to defend *held* not an abuse of discretion.

In Error to the District Court of the United States for the District of North Dakota; Wilbur F. Booth, Judge.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
*Rehearing denied December 4, 1922.

Action by the W. C. Mitchell Company against J. O. Glenn. Judgment for plaintiff, and defendant brings error. Modified and affirmed.

S. E. Ellsworth, of Jamestown, N. D., for plaintiff in error.

Willis Doherty, of Minneapolis, Minn., for defendant in error.

Before CARLAND, Circuit Judge, and TRIEBER and MUNGER, District Judges.

CARLAND, Circuit Judge. On April 23, 1921, defendant in error, hereafter plaintiff, obtained a judgment, as is claimed, by default against plaintiff in error, hereafter defendant, as surviving partner of the firm of Glenn & Hafey and individually, for $13,877.74. On an execution issued on said judgment May 3, 1921, the marshal levied upon all the right, title, and interest of the defendant in and to one brick elevator, with fixtures and machinery, and one wooden frame warehouse and other personal property connected therewith, and advertised the same for sale on June 25, 1921. On June 21, 1921, proceedings under this levy were stayed, and plaintiff was ordered to show cause why its judgment should not be opened up, and defendant allowed to answer and defend. Upon a hearing of this order to show cause, the stay was vacated, and the order to show cause discharged. Defendant has brought the judgment and other proceedings here, assigning error.

It is assigned as error that the complaint does not support the judgment. The complaint states a cause of action against Glenn as surviving partner of the firm of Glenn & Hafey. While the summons simply named J. O. Glenn as defendant, without more, the complaint alleged that defendant and Edward Hafey were partners engaged in the buying and selling of grain at Merricourt, N. D., under the firm name of Glenn & Hafey, until Hafey died in February, 1921, and that since that time the defendant had been winding up the partnership business. The name "Glenn" is used in one place in the complaint where the name "Hafey" ought to have been used, but this is so clearly a clerical error that no point can be made because the wrong name was used. In the proposed amended answer which the defendant attached to his petition, asking that the judgment be opened up, he treats the complaint as if the name "Hafey" was used, instead of "Glenn." The cause of action is then stated in the complaint as follows:

"That between the 1st day of January, 1920, on or about, and the 1st day of March, 1921, on or about, the plaintiff at the request of the said partnership did perform services in and about buying and selling grain and acting as broker and factorum according to custom in such transactions, and did, at the request of the said partnership advance, pay out and lend money to and for said partnership, and the agreed value of such services and the money advanced, lent and paid out is the sum of thirteen thousand and seven hundred six and forty-one hundreths ($13,706.41) dollars on the 28th day of February, 1921, and said partnership agreed and promised to pay the plaintiff interest on said sum at the rate of nine (9%) per cent. per annum to be compounded monthly."

[1] There was a demand for judgment in the complaint, but no mention of the party against whom the judgment was prayed is men-

tioned. As before stated, the judgment rendered was against the defendant, both as the surviving partner of the firm of Glenn & Hafey and also individually. It is elementary that the judgment must follow the pleadings. The complaint was clearly one to recover of defendant, as surviving partner, a partnership debt of the firm of Glenn & Hafey, and the judgment should have followed the complaint. The complaint contained no allegation that the firm had no assets or was insolvent. The distinction between individual and firm debts is matter of substance. Schall v. Camors, 250 Fed. 6, 162 C. C. A. 178, 10 A. L. R. 846; Id., 251 U. S. 239, 40 Sup. Ct. 135, 64 L. Ed. 247; Francis v. McNeal, 228 U. S. 695, 33 Sup. Ct. 701, 55 L. Ed. 1029, L. R. A. 1915E, 706; Reed v. Dunlap (C. C. A.) 280 Fed. 380 (April 14, 1922); Bankruptcy Act, § 5f (Comp. St. § 9589).

[2, 3] Defendant was entitled to have firm assets, if any, first applied to the firm indebtedness. The judgment should be modified, so as to run against Glenn, as surviving partner of Glenn & Hafey. In reply to plaintiff's request that he be allowed to amend the complaint, even in this court, we say that the amendment asked for would change the whole cause of action, which would not be permissible. Amendments are allowed in the interest of justice. It would hardly be consonant with this idea to allow an amendment when defendant is seeking the right to defend.

[4] It is further assigned as error that the trial court erred in denying defendant's application to open up the judgment and allow him to defend. There are two points upon which defendant bases his assignment of error in this regard. He first claims that there was no proper service of summons; second, that the showing made on the merits clearly entitled him to have the judgment opened up and he be allowed to defend. In regard to the summons, there was evidence that one Werdin, after he had left the summons with the defendant, told him that it should not be considered by the defendant a proper service, because the fee for service had not been paid. There was also the affidavit of Maude Glenn that she heard this conversation; also the affidavit of one Emil Nelson, to the effect that he (Nelson) was present when Werdin handed the defendant the summons, and at the same time defendant asked him (Nelson) what it was; that Nelson told him it was a summons; that he (Nelson) had been marshal, and was familiar with the papers, and he never served them until he had his fee. As a result of this transaction, it is claimed that Glenn was of the impression that the service did not become effective until Werdin had received his fee, and that this was the reason that he did not answer the complaint filed against him. Opposed to this is the affidavit of service made by Werdin which is in regular form, also evidence that about this time there were negotiations pending for a settlement of the matter. We are satisfied, however, that, whatever may have been the defect in the service of the summons, it was waived by the defendant when he filed an application for an order to show cause, and prayed in that application that upon the hearing of the order said judgment might be opened up and defendant permitted to file an answer in the case to plaintiff's cause of action and to de-

fend against the same. This general appearance waived all the defects in the service of the summons if there were any.

[5] As to the merits defendant in his answer admitted that between August 1, and November 1, 1920, plaintiff performed services in the capacity of broker and factor for the partnership known as Glenn & Hafey. It is further admitted that on or about December 1, 1920, Hafey delivered to the plaintiff promissory notes to the amount of $17,000 as the full balance then due from said partnership, known as Glenn & Hafey, but it was not alleged they had been paid. There is a claim in the answer, not very distinctively made, that although the firm of Glenn & Hafey might owe the plaintiff, that Glenn himself was not obligated personally. Having admitted that at one time he was a member of the firm, the allegation that he was not obligated personally is not of much force. There is an allegation in the answer that the indebtedness had been reduced by valuable shipments made to plaintiff, but the amount of these shipments is not stated, nor is the written stated account which the testimony tends to show was agreed upon between plaintiff and defendant denied. The trial court was of the opinion that the defendant had no real defense to the suit, and that the plaintiff by its showing had put the case on documentary evidence quite out of the realm of dispute that the judgment was based upon a real indebtedness which had not been paid.

We are of the opinion that the trial court was justified in its conclusion, and that there was certainly no abuse of discretion in denying the application. We do not think, however, that this is a case where damages for delay ought to be granted.

The judgment will be modified, as provided for in this opinion, and otherwise affirmed.