### GLENN v. W. C. MITCHELL CO.

(Circuit Court of Appeals, Eighth Circuit.   December 4, 1922.)

No. 6046.

Appeal and error ⚖➔1144—Time for executing writ of execution extended after stay.

    Where levy under a writ of execution was stayed, pending writ of error to review the discharge of an order to show cause why the judgment should not be opened, the time for execution of the writ should be extended on affirmance of the order for a sufficient time to allow the marshal to execute it.

In Error to the District Court of the United States for the District of North Dakota; Wilbur F. Booth, Judge.

On motion for rehearing.   Opinion modified, and rehearing denied. For former opinion, see 282 Fed. 440.

Before CARLAND, Circuit Judge, and TRIEBER and MUNGER, District Judges.

CARLAND, Circuit Judge.   All that we intended to decide by the opinion filed in this action was that the judgment should have followed the complaint, which showed a cause of action against Glenn, as surviving partner of the firm of Glenn & Hafey, and that such an action did not authorize a formal judgment against Glenn individually.   The defendant in error has filed a petition for a rehearing, wherein it is contended that a surviving partner may be sued at law individually to recover a partnership debt, without reference to the partnership assets.   We did not intend to decide differently, but were of the opinion that the complaint in this case did not authorize a judgment against Glenn individually.

Defendant in error also claims, and cites authority to sustain its position, that under an execution issued on the judgment, which we held to be authorized by the complaint, the individual property of Glenn could be levied upon and sold at common law, without reference to the partnership assets.   If this be so, certain language of our opinion may be used to prejudice the lawful rights of defendant in error under its execution.   The language referred to is as follows:

"The complaint contained no allegation that the firm had no assets or was insolvent. The distinction between individual and firm debts is matter of substance.   Schall v. Camors, 250 Fed. 6, 162 C. C. A. 178, 10 A. L. R. 846; 251 U. S. 239, 40 Sup. Ct. 135, 64 L. Ed. 247; Francis v. McNeal, 228 U. S. 695, 33 Sup. Ct. 701, 57 L. Ed. 1029, L. R. A. 1915E, 706; Reed v. Dunlap (C. C. A.) 280 Fed. 330 (April 14, 1922); Bankruptcy Act, § 5f (Comp. St. § 9589). Defendant was entitled to have firm assets, if any, first applied to the firm indebtedness."

This language was not necessary to our decision, and in our judgment it should be eliminated from the opinion. We think, also, that the time for the execution of the writ of execution issued on the judgment below should be extended for a sufficient time for the United States marshal to execute the same, not exceeding 60 days from the filing of the mandate of this court; it being the object of this memorandum to permit the defendant in error to proceed under the judgment against Glenn, as surviving partner of Glenn & Hafey, in any manner that it may be entitled to under the law in such case made and provided, and not to decide that proceedings already taken under the execution are valid.

With this modification of the opinion, the petition for rehearing is denied.