## HAFEY v. W. C. MITCHELL CO.

(Circuit Court of Appeals, Eighth Circuit. September 4, 1923.)

No. 6302.

1. **Partnership ⊜⇒275—Dissolved by death of partner.**

    The death of a partner dissolves a partnership.

2. **Partnership ⊜⇒247—Estate of deceased partner liable for firm debts.**

    The estate of a deceased partner is liable for firm debts, as in equity all partnership debts are joint and several.

3. **Partnership ⊜⇒247—Firm creditor has remedy against partnership assets, estate of deceased partner, and surviving partner personally.**

    Until a firm creditor is paid in full, he has the right to pursue his remedy against partnership assets, estate of deceased partner, and surviving partner personally.

4. **Executors and administrators ⊜⇒1—Decedent's property regarded as trust estate for benefit of creditors, with remainder to distributees.**

    For the purpose of equity jurisdiction, a decedent's property is regarded as a trust estate, held by his administrator for the benefit of decedent's creditors according to their priorities and preferences in right, and the remainder, if any, for distributees.

5. **Partnership ⊜⇒258(1)—Firm creditor's remedy against deceased partner's estate by suit in equity.**

    A partnership creditor's remedy against the estate of a deceased partner in course of administration is by suit in equity against the administrator, as no judgment at law and execution could be obtained against the estate.

6. **Appeal and error ⊜⇒1036(6)—Question of liability and amount not being in dispute, order refusing to require surviving partner to be made party to suit against administrator of deceased partner held not prejudicial error.**

    Where the question of a surviving partner's liability for an alleged firm debt and the amount thereof had been established by an action against him, an order denying a motion to bring in the surviving partner as a defendant to equitable suit against administrator of deceased partner *held* not prejudicial error.

Appeal from the District Court of the United States for the District of North Dakota; Andrew Miller, Judge.

Suit by the W. C. Mitchell Company against Robert Hafey, as administrator of the estate of Edwin Hafey, deceased. From a decree allowing a claim against the estate of the decedent, and ordering that it be paid in course of administration, the administrator appeals. Affirmed.

S. E. Ellsworth, of Jamestown, N. D., for appellant.

Willis Doherty, of Minneapolis, Minn., for appellee.

Before LEWIS and KENYON Circuit Judges, and TRIEBER, District Judge.

⊜⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

LEWIS, Circuit Judge. [1, 2] This appeal is from a decree allowing a claim against the estate of Edwin Hafey, deceased, and ordering that it be paid in course of administration. The deceased was a member of the copartnership of Glenn & Hafey, of Merricourt, North Dakota, where it was engaged in buying grain, which it shipped to W. C. Mitchell Company at Minneapolis for sale. Under arrangements between the two, W. C. Mitchell Company received and handled the grain as broker and factor. The firm drew drafts on its broker from time to time, which were paid against shipments, and as the grain was sold the proceeds were credited to the firm's account and the transaction reported. There were many transactions and the books of account kept by the firm and those by the broker were in agreement, showing a large balance due the broker at the time of Hafey's death. During the transactions communications were carried on between the parties covering each of them, and there can be no doubt of the firm's indebtedness to W. C. Mitchell Company, its broker, nor of the amount. W. C. Mitchell Company brought an action at law against Glenn, the surviving partner, then in charge of the firm's assets, and obtained a judgment for the balance due it. Glenn v. W. C. Mitchell Co. (C. C. A.) 282 Fed. 440, and 285 Fed. 381. On failure of Glenn to pay the judgment, W. C. Mitchell Company, after Hafey's administrator had rejected the claim and refused to approve it for allowance in probate, brought this suit in equity against the administrator to obtain the payment of the balance due it out of Hafey's estate. Hafey's death dissolved the partnership and his estate is liable for firm debts. In equity all partnership debts are joint and several.

[3] One of the objections argued here for appellant, though not assigned as error, is that the claim should not have been allowed and ordered paid out of the estate of Hafey while appellee held the judgment against Glenn, the surviving partner; which might be satisfied out of firm assets or Glenn's individual property. A payment from either of the three sources, partnership assets, Hafey's estate or Glenn's property, will operate to the benefit of all and satisfy the claim against all to the extent of the amount paid. But until paid in full appellee has the right to pursue its remedy against partnership assets, Hafey's estate and Glenn personally.

[4, 5] Appellant insists that appellee's remedy is at law, and error is assigned because the court denied appellant's motion to docket the case on the law side and allow appellant the right of trial by jury. For the purpose of equity jurisdiction the property left by Hafey is regarded as a trust estate held in trust by his administrator for the benefit of Hafey's creditors according to their priorities and preferencs in right, and the remainder, if any, for distributees as their rights may be made to appear. Borer v. Chapman, 119 U. S. 587, 599, 600, 7 Sup. Ct. 342, 30 L. Ed. 532; Green's Adm'r v. Creighton, 23 How. 90, 106, 16 L. Ed. 419; 1 Pomeroy's Eq. Jurisp., §§ 156, 280. This suit was brought to reach those assets and have them applied to the payment of appellee's claim. No judgment at law, to be followed by execution, levy and sale, could be obtained by appellee as against the property left by Hafey. It was then in the custody of the Probate Court of North

Dakota, in the hands of the administrator, an appointee of that court, and thus held for settlement and distribution as the law provides, on proper orders to be made by that court. The authorities are clear on the point that the appellee's relief was in equity. Nelson v. Hill, 5 How. 127, 12 L. Ed. 81; Lewis v. U. S., 92 U. S. 618, 23 L. Ed. 513; Van Reimsdyk v. Kane, 1 Gall. 630, Fed. Cas. No. 16,872; Camp v. Grant, 21 Conn. 41, 54 Am. Dec. 321; Comins v. Culver, 8 Stew. (N. J.) 94; Story on Partnership, §§ 361 and 362; Rowley, Modern Law of Partnership, §§ 496, 630.

[6] Appellant also moved that appellee be required to bring in Glenn as a party defendant, and excepted to a denial of the motion. That action of the court is assigned as error. Story on Equity Pleadings, § 167, says:

"If one of the partners should die, and a remedy should be sought in equity against his personal representative for the joint debts, the surviving partners should also be made parties; for they have an interest to contest the debt, and a right to be heard in taking the account."

See also Bank v. R. R. Co., 11 Wall. 624, 20 L. Ed. 82; 3 Kent's Commentaries, p. 64, note. The reason given for the rule is that the surviving partners have an interest in contesting the asserted liability and a right to be heard in ascertaining its amount. The record in this case does not show the date and amount of the judgment recovered against Glenn by appellee, but that record was under consideration by this court in 282 Fed. 440. And appellant's brief here advises us that there is no difference, except interest that had accrued after the Glenn judgment, between the amount allowed in appellee's action against Glenn and the amount allowed in this suit. Moreover, Glenn was called as a witness for the administrator. He was asked no question as to the amount of appellee's claim and gave no testimony on that subject. As we have already said, the books of account kept by the firm and those kept by appellee were in agreement as to the balance of indebtedness of Glenn & Hafey to appellee. We think it obvious from the action of both the administrator and Glenn that there was no reason, except to delay the cause, for making Glenn a party. Certainly there was no prejudicial error either to the rights of Hafey's estate or to Glenn.

Appellant has assigned error to rulings of the court in admitting evidence to be introduced over its objections and exceptions. Those assignments have been considered. We find no merit in any of them.

Affirmed.