---

## In re COE et al.

### (Circuit Court of Appeals, Second Circuit. December 12, 1910.)

### No. 8.

**1. BAILMENT (§ 7*)—OWNERSHIP OF GOODS—TRUST RECEIPT.**

Where a banker advances the purchase price of goods, the buyer taking possession under a trust receipt, agreeing to sell the property for the account of the bank, collect the proceeds of the sale, and deposit the same to the bank's credit, with authority to the bank to cancel the trust receipt and reclaim the unsold goods on demand, the bank is the owner of the goods, as against the buyer and his creditors.

[Ed. Note.—For other cases, see Bailment, Dec. Dig. § 7.*]

**2. BANKRUPTCY (§ 387*)—PARTNERSHIP—RIGHTS OF CREDITORS AGAINST INDIVIDUAL PARTNERS.**

Bankrupts as a firm purchased ostrich feathers in South Africa under an arrangement by which claimant bank loaned its credit for the price, taking receipts of the bankrupts by which they agreed to sell the feathers for the bank's account, collect the proceeds, and deposit the same to the credit of the bank or its representatives. Instead of doing so, however, the bankrupts deposited the proceeds to their general account, and both the firm and the individual partners were declared bankrupts in involuntary proceedings before the proceeds were paid over. The bank filed proof of claim against the firm, and accepted a composition of 20 per cent. offered by one of the members to the creditors of the firm, and to his individual creditors for a release from individual liability. *Held*, that since the bank's claim arose out of the firm's conversion of the proceeds of the goods, for which the partners were liable jointly and severally as tort-feasors, acceptance of such composition did not bar the bank's right to file a claim for the balance against the individual estate of the other partner.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 387.*]

**3. PARTNERSHIP (§ 172*)—LIABILITY TO THIRD PERSONS—PROPERTY CONVERTED.**

Where a firm converted certain property belonging to a bank and the firm and the individual partners were then adjudged involuntary bankrupts, the bank could prove a claim against the partners jointly on their

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

acceptances for the price of the goods and another against the partners jointly and severally on an implied contract to repay moneys, to wit, the proceeds of the goods wrongfully converted by them: the doctrine of election between inconsistent remedies on the same claim being without application.

[Ed. Note.—For other cases, see Partnership, Dec. Dig. § 172.*]

Appeal from the District Court of the United States for the Southern District of New York.

In the matter of bankruptcy proceedings of Edward P. Coe and William H. Knox, individually and as members of the bankrupt firm of Cadenas & Coe. From an order of the District Court (169 Fed. 1002) reversing a referee's order expunging the claim of the Sovereign Bank of Canada against the individual estate of Edward P. Coe, the trustee appeals. Affirmed.

White & Case (J. Du Pratt White and J. M. Hartfield, of counsel), for appellant.

Rounds, Hatch, Dillingham & Debevoise (R. S. Rounds, of counsel), for appellee Sovereign Bank of Canada.

Benjamin F. Jones, for bankrupt Coe.

Before LACOMBE, COXE, and WARD, Circuit Judges.

WARD, Circuit Judge. We hand down with this an opinion in the matter of J. V. A. Çattus, a bankrupt, holding that under the trust receipts in common use the banker who advances the purchase price of the goods is the owner of them, and what is there said on this subject need not now be repeated. The course of dealing in this case was that the Sovereign Bank of Canada issued to Cadenas & Coe letters of credit under which their agents in South Africa were authorized to value on the National Bank of South Africa, correspondents of the Sovereign Bank, up to a certain amount for the price of ostrich feathers. Under this credit the South African bank discounted drafts drawn upon Cadenas & Coe by their South African agents for the price of the goods, with bills of lading indorsed in blank attached, which drafts and bills of lading it forwarded to the agents of the Sovereign Bank in New York, which delivered the bills of lading to Cadenas & Coe against their acceptances of the drafts and trust receipts in the following form:

"Drawn against L/C 538-2050. 1-8 Due in London, Mar. 2, 07.

"Bailee Receipt.

"Received from the Sovereign Bank of Canada. Bill of Lading and Invoices for seven cases (311 pounds) Ostrich Feathers,—and we hereby undertake to sell the property therein specified, for account of the said Bank, and to collect the proceeds of the sales thereof, and to deposit the same immediately on receipt thereof in the said Bank at New York to the credit of ......
thereby acknowledging ourselves to be Bailee of the said property for the said Bank.

"The Bank may at any time cancel this Bailment of Trust, and, in such event, we hereby undertake and agree to return all unsold goods at once on demand, or to pay the value of the said goods at the Bank's option.

"Dated at New York the 30th day of November, A. D., 1906.

"Cadenas & Coe."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Cadenas & Coe.collected the price of the feathers, deposited the same in their general account, applied it in their business, and then failed. The firm, as well as Edward P. Coe and William H. Knox, the partners composing it, were all subsequently adjudicated bankrupts in involuntary proceedings. The Sovereign Bank filed no proof of claim against the firm, but accepted a composition of 20 per cent. offered by the bankrupt Knox to the creditors of the firm and to his individual creditors. The bank then filed a claim against the individual estate of the bankrupt Coe for the balance of the advance (deducting the 20 per cent. received in composition) which they allege was wrongfully converted by him. This claim the referee expunged, which decision was reversed by Holt, Judge, upon a petition to review. We concur in the opinion of Judge Holt. The referee regarded the acceptance of the composition as a bar to any claim of the bank against the individual estate of Edward P. Coe, and so it would have been if the liability asserted against his estate were for his contractual liability on the acceptances as to which the partners were jointly liable. But it is not. It arises out of his liability for converting the proceeds of the feathers instead of paying them over to the bank, to whom they belonged. It makes no difference that the partners acted without evil intent, nor that the firm got the benefit of what they did. It remains a wrongful conversion for which all the partners are liable, not jointly as partners, but jointly and severally as tort-feasors, whether they each actively participated in it or not; the acts of every one being imputed to every other. Re Baxter, 18 N. B. R. 62, Fed. Cas. No. 1,119; Re Jordan (D. C.) 2 Fed. 319; Re Blackford, 35 App. Div. 330, 54 N. Y. Supp. 972; Blyth v. Fladgate, L. R., Ch. Div. (1891) 337. The bank could prove two claims, one against the firm—i. e., the partners jointly on the acceptances—and the other against the partners jointly and severally upon an implied contract (the tort being waived) to repay moneys of the bank wrongfully converted by them. The doctrine of election between inconsistent remedies on the same claim has no application.

The order is affirmed with costs.