In re GRIFFITH STILLINGS PRESS.

(District Court, D. Massachusetts. February 9, 1917.)

No. 23096.

1. BANKRUPTCY ⬤⟹384—COMPOSITION—CREDITORS.
   In a proceeding for confirmation of a composition approved by a creditor which had established a claim on a note having two indorsers, objecting creditors cannot show that the indorsers had prior to the offer paid the note; for the question of a claimant's right cannot be raised in collateral way, and it did not appear that indorsers who became subrogated to right of creditor objected.

2. BANKRUPTCY ⬤⟹316(3)—CLAIMANTS—PAYMENT.
   Under Bankr. Act July 1, 1898, c. 541, § 57i, 30 Stat. 560 (Comp. St. 1916, § 9641), and General Order 21, subsec. 3 (89 Fed. ix, 32 C. C. A. ix), indorsers on note of bankrupt, claim upon which was proven against the estate on paying the note, become subrogated to rights of the claimant.

3. BANKRUPTCY ⬤⟹384—COMPOSITION—OFFERS.
   Where a bankrupt, after having made an unsuccessful endeavor to carry through an offer of composition, makes a new offer in a larger amount, he has the burden of explaining his good faith; the practice of trading with the court and creditors on offers of composition not being proper.

4. BANKRUPTCY ⬤⟹384—COMPOSITION—APPROVAL.
   Whether an offer of composition should be confirmed depends upon whether it is for the best interest of all the creditors.

5. BANKRUPTCY ⬤⟹384—COMPOSITION—APPROVAL.
   The assent of a majority of the creditors to a composition is evidence that it is for their best interest, but is not conclusive for they may assent from considerations other than those affecting creditors generally, as friendship, etc.

6. BANKRUPTCY ⬤⟹377—COMPOSITION—ASSENT.
   Assent to composition through motives of friendship or desire for future business of bankrupt is not improper.

In Bankruptcy. In the matter of the bankruptcy of the Griffith Stillings Press. On objections to report of referee confirming an offer of composition. Report approved, and composition affirmed.

A. M. Schwarz and S. A. Dearborn, both of Boston, Mass., for creditors.

Swift, Friedman & Atherton, of Boston, Mass., for bankrupt.

MORTON, District Judge. This is a case of composition after adjudication. The bankrupts made an offer of 25 per cent. which was accepted by the creditors, but was objected to by a substantial number and amount of them. The referee reported that the offer was inadequate, because, in his opinion, the estate would pay upon full administration 33 or 34 per cent. This report was confirmed, and the composition was disapproved by the court. The bankrupt appealed from that decision. Subsequently the appeal was withdrawn, and a new offer in composition of 33 per cent. was made by the bankrupt, which was assented to by a sufficient number and amount of creditors. It was objected to by substantially the same creditors as had objected to the first offer. Various grounds of objection were specified which may conveniently be grouped, as is done in the specifications, into

those relating to the procedure, those relating to the bankrupt's alleged lack of good faith, and those in support of the allegation that the composition is not for the best interests of the creditors. The learned referee has reported in favor of the offer.

[1, 2] The objections, so far as they relate to practice, seem to me not well founded nor to require discussion, except as to the offer of evidence by the objecting creditor to show that the Exchange Trust Company, which had proved a claim for $11,000 upon a promissory note having two indorsers, and which assented to both offers, had, before assenting to the second offer, been paid in full by the indorsers and was no longer a creditor of the bankrupt. The evidence offered was excluded by the learned referee. His ruling was right. Questions of this sort must be raised in direct proceedings to which the holder of the claim objected to can be made a party, and not in an indirect and collateral way, as was attempted in this case. Upon payment of the note the indorsers became subrogated to the position of the trust company (Bankr. Act, § 57i; General Order 21 [3] [89 Fed. ix, 32 C. C. A. ix] ; Collier on Bankruptcy [10th Ed.] p. 736), and there is perhaps a presumption that it was thereafter acting in their behalf. The facts certainly suggest that it could hardly have been acting without their knowledge, and they did not appear to object.

[3] As to whether the new offer is made in good faith, I entertain much greater doubt than apparently the learned referee did. The practice of trading with the court and creditors on offers in composition is not to be encouraged. A bankrupt or alleged bankrupt, who, after having made and unsuccessfully endeavored to carry through an offer in composition of a certain amount, makes a new offer of a larger amount, undertakes a considerable burden of explanation as to his good faith. In re Kinnane (D. C.) 221 Fed. 762, 34 Am. Bankr. R. 119, 129, where the court refused to entertain a third offer. The reasons given for not making the offer properly large in the first place seem to me unsatisfactory; but the learned referee, who saw the witnesses, has found that the bankrupt acted in good faith, and I am unable upon the record before me to say that he was clearly wrong.

[4-6] As to whether the composition has been shown to be not for the best interest of the creditors: Upon this point also the learned referee has found in favor of the offer. The question is whether the offer is for the best interest of all the creditors. In re Kinnane (D. C.) 221 Fed. 762, 34 Am. Bankr. R. 119, 124. The assent of a majority of them is evidence upon that point; but it is not conclusive, because individual creditors may be led to assent by other considerations than those affecting creditors generally, e. g., relationship, personal friendship, hope of future business, etc. Assent from such motives is not invalid or illegal (Re Spiller [D. C.] 230 Fed. 490); but the extent to which the majority is composed of creditors so influenced is an important factor in determining the weight to be given to the assent of the majority, upon the question whether the proposed composition is really for the best interest of all creditors.

In this case the majority in favor of composition was, as to amount, largely made up of claims held by persons closely associated with the corporation or its officers. Of what may be called "outside" creditors,

a somewhat larger amount opposed the composition than favored it. In view of the delay in the settlement of the estate, for which the bankrupt is clearly to blame, I think the creditors will now realize appreciably more under composition than upon full administration. The learned referee has so found. All the "inside" creditors, their claims being of relatively large amount and undisputed validity, desire the composition. Nearly as many in amount of the "outside" creditors favor it as oppose it. The case is not free from doubt; but it seems to me that it is for the best interest of creditors that the composition be approved.

Report of the referee confirmed. Offer in composition confirmed.