SCHALL et al. v. CAMORS et al. (two cases).

In re LE MORE et al.

(Circuit Court of Appeals, Fifth Circuit. January 17, 1918.)

Nos. 3163, 3164.

BANKRUPTCY ⊜═363—PARTNERSHIP—CLAIMS—RIGHT TO PROVE AGAINST ES-
TATES OF PARTNERS.

Claimant cashed drafts for a bankrupt partnership, supposed to be
secured by bills of lading, which were forged, and the drafts were not
paid. The drafts were not signed nor negotiated by either partner per-
sonally, although they had knowledge of the fraudulent system of doing
business, and the proceeds were received and used solely for partnership
purposes. Claims on the drafts were proved and allowed against the
partnership estate. *Held*, under Bankruptcy Act July 1, 1898, c. 541, § 5,
30 Stat. 547 (Comp. St. 1916, § 9589), which clearly provides for the sepa-
rate administration of estates of a partnership and of the individual part-
ners, with the right of the partnership estate to prove a claim against the
estate of a partner only in case there is a surplus in such estate after
payment of its own creditors, that claimant could not also prove his debt
against the estates of the partners and share ratably with their creditors,
on the theory that, because of the fraud, his claim was for a tort, for
which the partners were individually liable.

Petition to Superintend and Revise Order of, and Appeal from, the
District Court of the United States for the Eastern District of Louisi-
ana; Rufus E. Foster, Judge.

In the matter of Albert Le More and Ed. E. Carriere, bankrupts;
Frederick Camors and others, trustees. On petition to revise and
appeal by William Schall, Jr., and others, to review an order disallow-
ing their claims. Petition to revise dismissed. Order affirmed on the
appeal.

Howe, Fenner, Spencer & Cocke, of New Orleans, La., and Rounds,
Hatch, Dillingham & Debevoise and Eugene Congleton, all of New
York City, for petitioners appellants.

J. Blanc Monroe, D. B. H. Chaffe, and Monte M. Lemann, all of
New Orleans, La., for respondents appellees.

Before WALKER and BATTS, Circuit Judges, and GRUBB, Dis-
trict Judge.

GRUBB, District Judge. These cases were submitted together; No.
3163 being a petition to revise an order of the District Court sitting
in bankruptcy, disallowing a claim against the bankrupt estate, and
No. 3164 being an appeal from the same order. As appeal is the
proper remedy, the petition to revise is ordered dismissed, at peti-
tioners' costs.

The appeal presents the question as to whether a claim in its nature
a tort, arising out of a partnership transaction, may be proven against
the individual estates of the partners, when the claim has been filed
and allowed as a claim in contract against the partnership estate. This
involves two questions: (1) Whether a claim in tort is provable at
all, under section 63 of the Bankruptcy Act of 1898 (Comp. St. 1916, §
9647); and (2) whether, in case of a partnership transaction, it may

⊜═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

be proven doubly—against the estate of the partner and that of the partnership. We find it unnecessary to consider the first much litigated question, because of the conclusion we have reached upon the second.

The Bankruptcy Act of 1898, even to a greater extent than its predecessors, recognizes the separation between a partnership and its members. It permits an adjudication of the partnership as an entity, as distinguished from the individuals composing it. It provides that the partnership creditors shall appoint the trustee; that the trustee shall keep separate accounts of partnership property and that of the members of the firm; that there shall be a division in the payment of expenses of administration beween the partnership and individual estates, as directed by the court; that the net proceeds of partnership property shall be first appropriated to pay partnership debts, and the net proceeds of the estate of an individual partner be first appropriated to pay his individual debts, each class to have resort only to the surplus of the other, if any exists; that the court may permit the proof of claim of the partnership estate against individual estates and vice versa, and may marshal the assets of both classes of estates to secure an equitable distribution of property of the several estates.

The scheme of administration for partnerships by section 5 of the present act shows the purpose to administer partnership estates according to the equitable principle of devoting partnership property primarily to the payment of partnership debts, and individual property primarily to the payment of the debts of the individual partner. The machinery provided by section 5 is adapted for administration on this line. Recent decisions of the Supreme Court have emphasized the purpose of the statute in this respect. In the case of Miller v. New Orleans Fertilizer Co., 211 U. S. 496–506, 29 Sup. Ct. 176, 53 L. Ed. 300, the court held that the distribution provided by section 5, preferring individual creditors of a partnership in the distribution of his individual property, would overrule a contrary rule that obtained in the state of the domicile of the bankrupt. In the case of Farmers' Bank v. Ridge Avenue Bank, 240 U. S. 498, 36 Sup. Ct. 461, 60 L. Ed. 767, L. R. A. 1917A, 135, the court held that the method of distribution provided in section 5 admitted of no exception, even though the partnership, and all of its members, were insolvent, and the only fund for distribution was produced by the assets of one of the members, departing in this respect from the contrary rule in England.

In the administration of the present bankrupt law, therefore, the principle of the devotion of partnership assets to satisfy partnership debts, before the creditors of the individual members can resort to them for payment, and the reverse of this rule, should not lightly be departed from. If one, who is a creditor of the joint or partnership estate, is permitted to prove his claim against both the partnership estate and the individual estate of one or more of the partners, the principle would be infringed, if the partner or partners had individual creditors. If, in this case, the appellants were partnership creditors, their claim against the individual estates of the partners was properly disallowed. The effect of its allowance would have been to enable

the partnership creditor to share in the individual property of the partners on an equality with the individual creditors of the partners.

It is contended by appellants that they were creditors both of the partnership and of the individual members. The facts from which their claims arise are not in dispute. The appellants were induced to purchase drafts of the bankrupt firm, supposed to be secured by bills of lading representing shipments of staves, through false representations made to them or contained in the forged or fraudulent bills of lading that were attached to the drafts. The drafts were not paid. The claim proven against the partnership was upon the drafts as partnership obligations in contract. The claims attempted to be proven against the individual estates of the partners were for damages for the false representation alleged to have been made by the partners. The partners were cognizant of the frauds, though the particular drafts were not signed or indorsed or negotiated by either partner, and neither partner profited from the transaction, except through his interest in the firm. The transaction was one in the ordinary course of the firm business, except that it was a fraudulent one, and the proceeds of the drafts went to the credit of the firm, and were used in the conduct of its business. Eliminating its fraudulent character, the transaction was altogether a partnership one, and would have supported proof of claim only against the partnership estate.

It is contended that the commission of the fraud was the act of the partners, even though they did not, in person, sign and negotiate the drafts, because the fraud of their agent was imputable to them, and because they knew of the fraudulent system under which the firm was doing business. If the act of the partners, then the contention is that it will support a claim against the partners individually, which can be proven in bankruptcy against their individual estates, either as a tort or upon the theory of waiver of its tortious character. We do not think that the policy of the bankrupt law to subordinate firm creditors to the creditors of the partners individually in sharing the individual assets of the partners would permit us to entertain such a fiction. We think the determination as to whether the claim is partnership, or individual, or both, should depend upon the real character of the transaction, and, if that be unmistakably an exclusively partnership one, neither fiction nor implication should be resorted to to give it a different character. If the partners had by separate contract of guaranty obligated themselves to the claimants, such separate contract would have afforded a basis for a claim against their individual estates. So, if it had been shown that their individual estates had been enriched by the transaction complained of, or that they had been guilty of a separate and personal delinquency from that of the partnership, an individual obligation to make restitution to the injured claimant might have been implied.

In the absence of a separate, individual obligation, or a showing of benefit moving to the partner individually from the transaction, we can see no reason for sustaining a double proof of claim in favor of the implied obligation, when it would not be sustained where the obligation is an express one. Each partner and his property is individ-

ually liable for all partnership debts as between him and the partnership creditor, and this obligation is joint and several at the option of the creditor. But as between his individual and partnership creditors, under the bankrupt law, the primary liability of his property is to the former. It would be contrary to the policy of the bankrupt law to permit the firm creditor, by invoking such a technical rule of law, to place himself on a parity with the individual creditors of the partners as to his individual assets, and so circumvent the equitable distribution of partnership assets among firm and individual creditors provided for in the act.

The question has been answered differently by the Circuit Courts of Appeal in the First and Second Circuits. The case of In re Coe, 183 Fed. 745, 106 C. C. A. 181 (Circuit Court of Appeals, Second Circuit), is contrary to the view expressed; while the case of Reynolds v. New York Trust Co., 188 Fed. 611, 110 C. C. A. 409, 39 L. R. A. (N. S.) 391 (Circuit Court of Appeals, First Circuit), directly supports it.

The order of the District Court, disallowing the claim of appellants against the individual estates of the partners, is affirmed.