## MYERS v. INTERNATIONAL TRUST COMPANY.

CERTIORARI TO THE SUPERIOR COURT FOR THE COUNTY OF
SUFFOLK, STATE OF MASSACHUSETTS.

No. 122.   Argued January 12, 13, 1927.—Decided February 21, 1927.

1. In Massachusetts, a partner who indorses a firm note as an individual, incurs—in addition to the liability for the partnership debt arising from his membership in the firm—a distinct and separate liability arising by reason of his personal indorsement.   P. 384.

2. A composition between a bankrupt partnership and the partnership creditors only, in respect only of the partnership debts, will not discharge the partners as individuals from their separate obligations as endorsers of partnership notes.   P. 383.

3. The fact that the holder of the notes was scheduled as a partnership creditor and received, as such, his proportion of the consideration deposited for the composition, did not enlarge the effect of the composition so as to discharge the partners from their personal liabilities as endorsers.   P. 385.

252 Mass. 94, affirmed.

CERTIORARI (268 U. S. 686) to a decree of the Superior Court for Suffolk County, entered pursuant to a rescript from the Supreme Judicial Court.

*Mr. Edward F. McClennen* for the petitioners.

*Mr. John R. Lazenby* for the respondent.

MR. JUSTICE SANFORD delivered the opinion of the Court.

This suit was brought by the International Trust Co. in a Superior Court of Massachusetts against Samuel A. Myers and Harry Myers, partners composing the firm of S. A. & H. Myers, to hold them individually liable upon certain notes that had been executed by the partnership, in the firm name, for a partnership obligation, and endorsed by them personally. The defense was that the individual liabilities of the defendants had been dis-

charged by a composition in a prior proceeding in bankruptcy. The Superior Court sustained this defense, and dismissed the plaintiff's bill. On appeal, the Supreme Judicial Court—without entering judgment—directed the Superior Court, by a rescript, to reverse its decree and enter a decree for the plaintiff. 252 Mass. 94. The Superior Court, pursuant to the rescript, entered a decree against the defendants in the respective amounts of their individual obligations as indorsers upon the notes.[1] This being, under the practice that was followed,[2] the final decree in the case and not appealable; *Boston, Petitioner,* 223 Mass. 36, is to be regarded as the final decision of the highest court of the State in which a decision could be had; and the writ of certiorari was therefore properly directed to the Superior Court. See *Davis* v. *Cohen Co.,* 268 U. S. 638, 639.

The Bankruptcy Act[3] provides, in so far as pertinent here, that a partnership may be adjudged a bankrupt, § 5*a;* that a " bankrupt "—including, as defined by § 1*a,* a person against whom an involuntary petition has been filed—" may offer, either before or after adjudication, terms of composition to his creditors," after filing " a schedule of his property and the list of his creditors," § 12*a,* as amended; that upon the confirmation of a composition the consideration shall be distributed as the judge shall direct, § 12*e;* and that the confirmation " shall discharge the bankrupt from his debts," § 14*c.*

The proceedings in the prior bankruptcy case, shortly stated,[4] show that creditors of the firm of S. A. & H. Myers filed an involuntary petition in bankruptcy, praying that

---

·    [1] These amounts differed, as one note was indorsed by only one of the defendants.

[2] Gen. Laws, 1921, c. 211.

[3] 30 Stat. 544, c. 541.

[4] These are set out at length in the opinion of the Supreme Judicial Court, *supra.*

it be adjudged a bankrupt. There was no prayer that the partners be adjudged bankrupts individually. A partnership schedule, signed and sworn to by the partners, was filed, showing the partnership property and listing the partnership creditors. In this the plaintiff's notes were listed as unsecured debts of the partnership, with no statement that they were indorsed; and each of the partners stated that he had no individual debts and no individual assets that were not exempt. Thereafter, before any adjudication, the partners offered terms of composition, at forty per cent., to the unsecured creditors. The consideration therefor was deposited in the court; the composition was confirmed; and the consideration distributed among the partnership creditors. The plaintiff, as a creditor of the partnership listed in the schedule, received its proportion of the consideration, which it credited on the notes before bringing the present suit.

No offer of composition was made to the creditors of the individual partners, who were not listed; no consideration was deposited for them; and none was received by the plaintiff on account of the individual obligations of the partners as indorsers on the notes.

We are not called upon to determine whether the discharge of the notes as debts of the partnership which resulted from the confirmation of the composition, carried with it the discharge of the defendants, as partners, from the liabilities on the notes as partnership debts which arose from their membership in the firm.[5] The Supreme Judicial Court predicated the liabilities of the defendants solely on their personal indorsements, and the

[5] See *Re Coe* (C. C. A.), 183 Fed. 745, 747; *Abbott* v. *Anderson*, 265 Ill. 285, 291; and *Curlee Clothing Co.* v. *Hamm*, 160 Ark. 483, 486. And compare, as to the effect of a discharge granted a partnership under § 14: *Francis* v. *McNeal*, 228 U. S. 695, 701; *Re Bertenshaw* (C. C. A.), 157 Fed. 363, 369; *Horner* v. *Hamner* (C. C. A.), 249 Fed. 134, 140; *Armstrong* v. *Norris* (C. C. A.), 247 Fed. 253, 255; and *Re Neyland & M'Keithen* (D. C.), 184 Fed. 144, 151.

decree was based on their respective liabilities as such indorsers. And the sole question here presented is whether the composition discharged them, as individuals, from the obligations arising by reason of their indorsements.

This question must be answered in the light of the principle stated by the Supreme Judicial Court, that a " composition partakes of the nature of a contract." It is settled by the decisions of this Court in *Cumberland Glass Co.* v. *DeWitt,* 237 U. S. 447, 453, 454, and *Nassau Works* v. *Brightwood Co.,* 265 U. S. 269, 271, 273, 274, that a composition is " a settlement of the bankrupt with his creditors "—in a measure superseding and outside of the bankruptcy proceedings—which originates in a voluntary offer by the bankrupt, and results, in the main, from voluntary acceptance by his creditors; that the respective rights of the bankrupt and the creditors are fixed by the terms of the offer; and that upon the confirmation of the composition they get what they " bargained for," and no more. And see: *Re Coe* (C. C. A.) 183 Fed. 745, 747; *Re Adler* (D. C.) 103 Fed. 444, 446; *Re Lane,* (D. C.) 125 Fed. 772, 773.

Here the partnership, being proceeded against as a distinct legal entity, *Meek* v. *Centre County Banking Co.,* 268 U. S. 426, 431, could offer terms of composition to its creditors under § 12a, after filing a schedule of its property and a list of its creditors. It filed such a schedule and list. And—although the District Court in Massachusetts had always refused to adjudge the bankruptcy of a partnership unless the partners were also adjudged bankrupts, *Re Forbes* (D. C.), 128 Fed. 137, 140,[6] and doubtless

---

[6] We need not determine here whether the adjudication of the bankruptcy of a partnership involves an adjudication of the bankruptcy of the individual partners. See *Francis* v. *McNeal, supra,* 701; *Liberty Nat'l Bank* v. *Bear,* 265 U. S. 365, 368; *Meek* v. *Centre County Banking Co., supra,* 432.

would have permitted the terms of composition to be offered to the creditors of the partners as well as to the creditors of the partnership—we think it clear that, read in the light of the schedule, the offer of the terms of composition was made only to the partnership creditors listed in the schedule, for whom the required consideration was deposited, and not to the creditors of the individual partners, who were not listed and for whom no consideration was deposited; in short, that the "bargain" was made only with the partnership creditors and in respect to the partnership debts. The necessary result is that the confirmation of the composition merely discharged the partnership debts, and did not discharge the separate debts of the partners to their individual creditors, who were offered and received no consideration for such release.

That, as was said by the Supreme Judicial Court, the indorsements of the notes by the defendants " created individual obligations, separate and distinct from the firm obligations," is clear; it being well settled in Massachusetts that a partner who indorses a firm note as an individual, incurs—in addition to the liability for the partnership debt arising from his membership in the firm—a distinct and separate liability arising by reason of his personal indorsement. *Roger Williams Nat. Bank* v. *Hall,* 160 Mass. 171; *Faneuil Hall Nat. Bank* v. *Meloon,* 183 Mass. 66, 67; *Fourth Nat. Bank* v. *Mead,* 216 Mass. 521, 523. As was said in the *Meloon* case, the defendants " were none the less indorsers and none the less liable as such because they were also liable as members of the firm which made the note." And see *Robinson* v. *Seaboard Nat. Bank* (C. C. A.), 247 Fed. 1007, 1008; *Matter of Peck,* 206 N. Y. 55, 60; and *Wilder* v. *Keeler,* 3 Paige (N. Y.) 167, 176.

It also results, from the very nature of a composition, that where the terms offered and accepted go merely to the discharge of the maker of a note, its confirmation does not release an indorser from his separate liability for which no

" bargain " was made. See *Easton Furn. Mfg. Co.* v. *Caminez* (N. Y.), 146 App. Div. 436, 438; *Silverman* v. *Rubenstein,* 162 N. Y. S. 733, 735; *Bromberg* v. *Self,* 16 Ala. App. 627, 628; and *Guild* v. *Butler,* 122 Mass. 498, 500.

Nor do we think that the effect of the composition of the partnership debts was enlarged so as to include the discharge of the defendants from their personal liabilities as indorsers, by the fact that the plaintiff was scheduled as a partnership creditor and received, as such, its proportion of the consideration deposited. The Supreme Judicial Court rightly said that the plaintiff was a party to the composition " only to the extent in which its claim against the partnership was concerned; it was not recognized as an individual creditor; no offer was made to it as the holder of a claim against the individuals. In this respect it was a stranger to the offer; it stood as any other individual creditor whose demand was not listed, to whom no offer of compromise was made and who entered into no bargain with the defendants."

We conclude that the composition did not discharge the defendants from their individual and personal obligations as indorsers upon the notes. And the decree, which merely enforced their liabilities as such indorsers, must therefore be

*Affirmed.*