## LURIE v. UNITED STATES.

Circuit Court of Appeals, Sixth Circuit. July 5, 1927.

No. 4795.

**1. Bankruptcy �köö149—Estates of partnership and partners are kept separate.**

Estates of partnership and of individual partners in bankruptcy are to be kept separate.

**2. Bankruptcy �köö69—Members of bankrupt partnership are not necessarily bankrupt.**

Members of bankrupt partnership do not necessarily become bankrupts individually.

**3. Partnership �köö126—Ordinarily partnership acts through one of individuals composing it.**

Partnership is made up of individuals, and it ordinarily acts through and by one of them.

**4. Bankruptcy �köö487—Receiving money from member of bankrupt partnership held to authorize conviction under law forbidding receiving bankrupt property with intent to defeat act (Bankruptcy Act, § 29b [4], being U. S. C. tit. 11, § 52).**

Receiving money from member of bank partnership, without proof that it was the property of such bankrupt partnership, *held* sufficient to authorize conviction, under Bankruptcy Act, § 29b (4), being U. S. C. tit. 11, § 52 (Comp. St. § 9613), forbidding receiving bankrupt property with intent to defeat the act.

**5. Bankruptcy ⊦köö487—Intent to defeat Bankruptcy Act relative to compositions held within law forbidding receiving property from bankrupt with intent to defeat act (Bankruptcy Act, § 12, and §§ 12d [3], 29b [4], being U. S. C. tit. 11, §§ 30, 52; General Order 41).**

Intent to defeat Bankruptcy Act, § 12 (U. S. C. tit. 11, § 30 [Comp. St. § 9596]), by agreeing to influence composition in consideration for additional percentage, held within section 29b (4) of the act (U. S. C. tit. 11, § 52 [Comp. St. § 9613]), forbidding receiving any material amount of property from bankrupt after filing of petition with intent to defeat the act, since section 12, relating to composition, is an essential part of the act, and to defeat any material portion thereof is to defeat the act; section 12d (3) plainly contemplating offer of composition and acceptance in good faith, and General Order 41 requiring affidavit by bankrupt that he has not paid or promised consideration to any creditor not specified therein.

**6. Indictment and information ⊦köö108—Indictment need not specifically allege clause or provision of law intended to be defeated.**

Indictment need not specify particular clause or provision of law which is intended to be defeated, it being sufficient if acts alleged in indictment and reading of law show defeat of any material provision thereof.

In Error to the District Court of the United States for the Eastern District of Michigan; Fred M. Raymond, Judge (by designation).

Levi Lurie was convicted of conspiring to violate provision of the Bankruptcy Act forbidding the receipt of material amount of bankrupt's property after filing petition, with intent to defeat the act, and he brings error. Affirmed.

Henry C. Walters, of Detroit, Mich. (Wood, Schapiro & Clute, of Chicago, Ill., on the brief), for plaintiff in error.

William G. Comb, Asst. U. S. Atty., and C. Frederic Stanton, both of Detroit, Mich., for the United States.

Before DENISON, MOORMAN, and KNAPPEN, Circuit Judges.

DENISON, Circuit Judge. Lurie was convicted of conspiring to violate section 29b (4) of the Bankruptcy Act (section 9613, U. S. C. S., and as now amended, section 52 of title 11, U. S. Code). The thing forbidden is to receive "any material amount of property from a bankrupt after the filing of the petition, with intent to defeat this act." Rosenberg Bros., as partners, were bankrupts, and, proceeding under section 12 of the Bankruptcy Act (U. S. Code, tit. 11, § 30 [U. S. Comp. St. § 9596]), offered a composition of 20 cents. Among the creditors was a Chicago corporation of which Lurie was the manager. Arthur Rosenberg, one of the bankrupt partners, went to Chicago and agreed with Lurie that Lurie's firm would accept the composition and would influence other Chicago creditors to do so, and that, in consideration therefor, Rosenberg would pay to the Chicago creditors, confidentially, an additional 15 cents. To secure this arrangement for an additional payment, Rosenberg deposited with Lurie the necessary amount of money. Later the composition fell through, and this deposit was returned in full by Lurie to Rosenberg.

[1-4] Three substantial questions are raised as to the propriety of the conviction. The first is that the prohibition is against receiving money "from a bankrupt," and that the money here paid does not appear to have been the property of or to have come from the bankrupt partnership. It is quite true that the estates of a partnership and of individual partners in bankruptcy are to be kept separate, and that the members of the bankrupt partnership do not necessarily thereby become bankrupts individually. See Myers v. International, 47 S. Ct. 372, 71 L. Ed. —— (Feb. 21, 1927). It may be assumed, also, for the purpose of this opinion, that it does not sufficiently appear that Arthur Rosenberg paid this money directly or indirectly from

the assets of the partnership, or made the arrangement as the representative of the whole partnership. Nevertheless the partnership is made up of the individuals, and it ordinarily acts through and by one of them. By the adjudication the members of the partnership become bankrupts as partners, even if not as individuals.

To say that money which comes from one of them for use in connection with the partnership bankruptcy does not come "from the bankrupt" is, in our opinion, an overtechnical construction of the language used. Such a construction would practically eliminate partnership bankruptcies from the effect of this statutory provision. All the property of the bankrupt partnership, in theory and commonly in practice, goes into the control of the trustee or receiver; and if money is thereafter furnished for the purpose of defeating the act in any way, it will usually be money coming from one of the bankrupt partners, rather than from the partnership estate. Nor is it material whether the money paid to Lurie belonged to Arthur Rosenberg. He had possession of it, and Lurie received it from him. It may have been borrowed, as composition funds usually are; but it was in Rosenberg's possession and subject to his disposition.

[5] The second objection is that this transaction did not appear to be "with intent to defeat this act." It is said that the intent of the act is to procure an equal distribution of all the assets among all the creditors, and that composition proceedings are outside the scope of that intent, but rather are for the purpose of avoiding such distribution of the assets; while the funds which are to be used in bringing about a composition are necessarily procured from an outside source, and are for the purpose of permitting the assets to be returned to the bankrupt, to be used in whatever manner he wishes. If "the intent of this act" were only the general intent already specified, these considerations would need attention; but, in our judgment, "to defeat the intent of this act" means to "defeat the intent of any part of this act." Section 12, relating to compositions, is an essential part of the act; and to defeat the purpose of any material portion of this section 12, is to defeat the act.

Clause (3) of paragraph d of section 12 plainly contemplates that the offer of composition and its acceptance which are to be tendered to the judge for confirmation "are in good faith and have not been made or procured except as herein provided, or by any means, promises, or acts herein forbidden." It thus appears that the plan in which Rosenberg and Lurie were co-operating could not have been carried through without intentional and express deception of the judge of the bankruptcy court. That such a plan was calculated to defeat the intent of the act we have no doubt. Private and special payments to a creditor to induce him to vote for a composition are not in terms here forbidden, but it cannot be the intent that the minority of creditors may be coerced by a majority secured by bribery. Further, General Order 41, promulgated April 13, 1925, requires an affidavit by the bankrupt that he has not directly or indirectly paid or promised to any creditor any consideration not specified therein. This is at least an authoritative interpretation of section 12d (3) and confirms our inference as to the intent of the act in this respect.[1]

[6] The remaining objection is that the indictment charges no offense against the law. So far as this objection depends upon the vagueness of the indictment in general respects, it is covered by our discussions in Leonard v. United States (C. C. A.) 18 F. (2d) 208, and Reimer-Gross Co. v. United States (C. C. A. filed June 10, 1927) 20 F. (2d) 36. So far as it depends upon the vagueness condemned in U. S. v. Cohen, 255 U. S. 81, 41 S. Ct. 298, 65 L. Ed. 516, 14 A. L. R. 1045, it rests, we think, upon a misapprehension. There is no vagueness about the conspiracy charged or the overt acts alleged. Indeed, the argument in support of the objection is intended only to reach the uncertainty inherent in the phrase "to defeat the intent of this act." It is very commonly required that a purpose to defeat the intent of some statute shall be essential to the existence of an offense denounced, but we think that neither authorities nor principles require an indictment to specify the particular clause or provision of the law which is thus intended to be defeated. It is sufficient if we may see from the acts alleged in the indictment and from a reading of the law that these acts will tend to defeat any material provision of that law.

No other question is made which we think requires detailed consideration.

The judgment is affirmed.

---

[1] This general order was after the date charged as that of the conspiracy, but before the overt act which supported the venue.