## In re KORNBLUTH.
### No. 50871.

District Court, S. D. New York.
Oct. 5, 1932.

George J. Beldock, of New York City, for the bankrupt.

Newman & Bisco, of New York City (Lester E. Denonn, of New York City, of counsel), for Manufacturers' Trust Co.

WOOLSEY, District Judge.

The report of the special master is confirmed, and the recommendations therein made are in all respects approved.

The bankrupt may have his discharge.

I. The sole question involved in this very interesting motion is whether a composition effected between the bankrupt and his creditors in connection with a previous involuntary bankruptcy proceeding will, under section 14b (5) of the Bankruptcy Act, 11 USCA § 32 (b) (5), prevent his discharge in the present proceeding because a discharge herein is sought within six years of the order confirming the composition above mentioned. There is not any other ground for objection to the bankrupt's discharge.

The facts have been stipulated as follows:

"1. That on December 2, 1929 an involuntary petition in bankruptcy was filed against the bankrupt herein individually and as a co-partner in the firm of Kornbluth & Rothenberg.

"2. That as appears in the certified copy of the order of confirmation of composition in the said matter of Kornbluth & Rothenberg, a composition was confirmed by order of Judge Bondy, dated February 20th, 1930. It is agreed that the said certified copy of order of composition be marked in evidence as objecting creditor's Exhibit 1, of this date.

"3. On March 21st, 1931, the bankrupt herein filed a voluntary petition in bankruptcy in the United States District Court for the Southern District of New York.

"4. That the claim of the Manufacturers Trust Company, the objecting creditor herein, as filed herein, is based upon the unpaid settlement notes given pursuant to the composition in the matter of Nathan Kornbluth, bankrupt herein and Morris Rothenberg, individually and co-partners doing business as Kornbluth & Rothenberg."

Judge Bondy's order of February 20, 1930, confirming the composition offered by the bankrupt in connection with the involuntary proceeding of December 2, 1929, which is referred to in the second paragraph of the stipulation of facts, and which is submitted with the record by the special master, shows that the composition was for 100 per cent. of the bankrupt's liabilities, and was payable 17½ per cent. in cash and 82½ per cent. in notes of the bankrupt, payable at intervals during a period of four years. The notes maturing within the first fifteen months were indorsed by third parties; those of later maturity, amounting in all to 50 per cent. of the composition, were not indorsed.

The discharge was granted by the referee acting as special master.

II. The objecting creditor contends that under a proper construction of the provisions of section 14c of the Bankruptcy Act, 11 USCA § 32 (c), which reads, "The confirmation of a composition shall discharge the bankrupt from his debts, other than those agreed to be paid by the terms of the composition and those not affected by a discharge," the bankrupt was granted a "discharge in bankruptcy" on February 20, 1930, when the composition which he offered to his creditors was confirmed.

Therefore it is argued, because of the provisions of section 14b (5) of the Bankruptcy Act, he cannot be granted the discharge which he now seeks.

Section 14b of the Bankruptcy Act, so far as it is here relevant, reads:

"The judge shall hear the application for a discharge and such proofs and pleas as may be made in opposition thereto by the trustee or other parties in interest, at such time as will give the trustee of parties in interest a reasonable opportunity to be fully heard; and investigate the merits of the application and discharge the applicant, unless he [inter alia]   *   *   *

"(5) has been granted a discharge in bankruptcy within six years."

The ultimate question here is, therefore, whether the confirmation of a composition is the granting of "a discharge in bankruptcy" within the meaning of this section of the Bankruptcy Act.

III. By the provisions of section 12 of the Bankruptcy Act (11 USCA § 30), it is clear that a composition, whilst it may be an offspring of a bankruptcy proceeding, is a separate proceeding, and, if confirmed, supersedes the bankruptcy proceeding. Cf. Myers v. International Trust Co., 273 U. S. 380, 383, 47 S. Ct. 372, 71 L. Ed. 692; Nassau Smelting & Refining Works v. Brightwood Bronze Foundry Co., 265 U. S. 269, 271–274, 44 S. Ct. 506, 68 L. Ed. 1013; Cumberland Glass Co. v. DeWitt, 237 U. S. 447, 453, 35 S. Ct. 636, 59 L. Ed. 1042; In re Lane (D. C.) 125 F. 772, 773.

This is shown by the provision in section 12 (a) of the act, 11 USCA § 30 (a) that, if a composition be offered by the bankrupt before adjudication, "action upon the petition for adjudication shall be delayed until it shall be determined whether such composition shall be confirmed."

And by section 12e of the act, 11 USCA § 30 (e), which shows the respective effect on the bankruptcy proceeding to which it is the alternative of a successful and an unsuccessful composition proceeding, and provides that: "Upon the confirmation of a composition, the consideration shall be distributed as the judge shall direct, and the case dismissed. Whenever a composition is not confirmed, the estate shall be administered in bankruptcy as herein provided."

The whole rationale of section 12 of the Bankruptcy Act is that it provides for and governs a proceeding by the debtor against his creditors by which he may bring them into concourse for the purpose of dealing with an offer of settlement which he is able to make —often only on borrowed money—and in a proper case, if the majority of his creditors in number and amount favor his offer, he may get the court to coerce a minority of the creditors into an unwilling acceptance thereof.

A composition proceeding, therefore, is maintained by the debtor outside the bankruptcy proceeding; it delays adjudication if none has been had, and, if successful, it takes the place of the bankruptcy proceeding, for, on confirmation, the bankruptcy court relinquishes jurisdiction of the debtor's estate and returns it to him.

IV. What the debtor gets under section 14c on confirmation of a composition is a discharge by composition in lieu of a discharge in bankruptcy.

That is the teaching, as I read it, of In re Goldberg et al., 53 F. (2d) 454 (C. C. A. 6), wherein the juridical status of a confirmed composition was admirably discussed in the majority opinion, and the conclusion was reached that another composition between the same debtor and his creditors within six years would not be thereby barred. In the dissenting opinion by Judge Hickenlooper, a number of cases are mentioned which disagree with the conclusion I have reached here, but none of them are controlling on me or persuasive to me.

Therefore I take the step, which, it seems to me, the majority of the court in the Goldberg Case would have had to take if the facts before them had been the same as the facts here, and hold that a bankrupt is not prevented from getting his discharge in bankruptcy on a voluntary proceeding solely by reason of the fact that within six years he has made a composition with his creditors.

Settle order on notice.