## In re CONCILIATION COMMISSIONER FOR SANDERS COUNTY, MONT.

### In re WILKINS.

District Court, D. Montana.
Nov. 20, 1933.

Harold G. Dean, of Thompson Falls, Mont., for petitioning farmers.

BOURQUIN, District Judge.

The clerk lays before the court a petition and also a circular by him received. In the former a number of farmers of the county of the caption pray for certain statutory relief, viz. the appointment of a conciliation commissioner, and in the latter (believe it or not) the Attorney General conveys executive order to deny relief unless approved by the President.

It appears that Act March 3, 1933 (11 USCA § 203), under guise of amendment of the Bankruptcy Act, assumes to authorize federal District Courts to appoint "referees to be known as conciliation commissioners." Section 1 (a), 11 USCA § 203 (a). The status of any such appointee seems more or less that of dry-nurse, his functions to further extension or composition of a farmer's debts when by him desired, and to supervise or in other words to regulate and control the farmer's operations or land, labor, and crops, when by any creditor desired. The proceeding is to be initiated in a court of bankruptcy, but is not of the character nor within the principles of bankruptcy, adjudication of bankruptcy with its incidents neither contemplated, sought, nor authorized. Its object is outside of bankruptcy to coerce creditors to enter into new contracts with their debtor (who may be solvent and in less distress than his creditors), and without consideration to extend or reduce their just claims.

Even as in respect to any power by the Constitution granted to Congress, the power to legislate "on the subject of Bankruptcies" is not power to embrace therein by mere label, characterization, form, or forum what is not of, or is foreign to, bankruptcy. Labels, names, go for nothing. A rose, etc. Obviously a law action filed in a court of equity is not transformed to a suit in equity. And no more is a proceeding only to extend or compose debts within the "subject of Bankruptcies" merely because filed in a court of bankruptcy. In so far as composition (bodily lifted by Congress of limited powers from enactments by parliament of unlimited powers) is sanctioned in bankruptcy, it is limited to real bankruptcy proceedings actually commenced, though outside of, and superseding, them. Wilmot v. Mudge, 103 U. S. 219, 26 L. Ed. 536; Myers v. International Trust Co., 273 U. S. 383, 47 S. Ct. 372, 71 L. Ed. 692.

However, whether this new departure be constitutional and judicial, not one but both, and which well may be doubted, may properly be left until made an issue in some adversary proceeding.

Adverting to the circular, dated June 26, 1933, of "instructions" addressed "to all Clerks of United States District Courts," it concludes that: "The appointment during the fiscal years 1933 and 1934 of conciliation and supervising conciliation commissioners are prohibited unless such appointments are approved by the President." The order is entirely in keeping with government in defiance of the Constitution, by hectoring, threat, espionage, intimidation, dictatorship, irade, and merry gamble with the fate of 120,000,-

000 people, but it is a futile brutum fulmen impotent to deprive the farmer of any just benefit the statute may afford, or to bring the judiciary to heel at executive command.

Abuse of executive power is notorious, and grows by what it feeds upon. It tends to dominate both legislative and judicial, and unless the axiom to "resist the beginnings" be heeded, it is not unlikely that little by little it will supersede both, undermine and overthrow the Constitution, and upon the ruins of the latter erect some variety of social organization its antithesis.

But as yet the Constitution like the flag is "still there," and the judiciary by it created equal to and independent of the executive, in that vital character still survives, however it be news, a surprise and displeasing to Washington. And no federal court will betray its trust, impeach its honor, degrade its character, sanction executive arrogance and usurpation, breach the Constitution and imperil the nation, by submission of any its judicial acts to executive scrutiny, dictation, or control.

Incidentally, the author of the circular is not the first Attorney General to be obsessed by a delusion that federal courts are little more than appanages of his and the executive office.

The petition is granted, and N. A. Wilkins is appointed referee to be known as conciliation commissioner for service in said county as in said petition prayed.