## Harr, Receiver, v. Kaplan et al.

J. J. Levy and E. F. Howell, for plaintiff.
Nogi, Harris & Nogi, for defendants.

LEACH, P. J., March 11, 1940.—Defendants traded as partners under the trade name of Kaplan Bros. & Co., and had the partnership draw a note payable to the "order of ourselves", which was indorsed by defendants as individuals and discounted at the Anthracite Trust Company. The note was properly protested at maturity. Payments were thereafter made on the note by someone. Defendants petitioned the court of common pleas for a receiver to dissolve the partnership. The receiver made a composition with the creditors of the partnership, in the course of which they paid 25 percent in cash and 10 percent in the notes of the corporation which took over the assets. On their check was an inscription that "This check, together with notes of ten percent, are accepted in full compromise settlement of any and all claims against Max Kaplan and Samuel Rosenthal, trading as Kaplan Bros. & Co." There is no suggestion that defendants as individuals turned over their individual property to the receiver or accounted to the creditors of the partnership of their individual property.

Defendants claim that the acceptance of the check with the inscription of Kaplan Bros. & Co. discharged them from their individual liability thereon. Under the Negotiable Instrument Law of May 16, 1901, P. L. 194, sec. 120, it is provided:

"A person secondarily liable on the instrument is discharged . . .

"(5) By a release of the principal debtor, unless the holder's right of recourse against the party secondarily liable is expressly reserved."

A distinction between a release and a receipt is set forth as follows:

"Release Distinguished from Receipt.—While a release is sometimes contained in a document purporting to be a receipt, and while a receipt is sometimes construed to be a release, there is an essential difference between the two. A receipt is merely the evidence of a fact, while a release is a contract; hence while a receipt is open to parol

explanation and modification, a release cannot be contradicted or explained by parol. A receipt is evidence of the extinguishment of a debt, but a release is the extinguishment itself, and if under seal usually estops and concludes forever. The acknowledgment of satisfaction of a judgment on the margin of a record is not to be regarded as a technical common-law release under seal, although such acknowledgment have the seal or scroll of the judgment creditor attached. It is nothing more than an acknowledgment of the payment of the debt, and is entitled to no further force than any other written receipt, and is subject, therefore, to explanation and even contradiction. A receipt to one of several covenantors for his individual part, which states that the covenantee intended to sue all for the balance because requisite by the forms of law, but that the plaintiff would look to the other defendants only for satisfaction, is no release. A release which is not technical because not under seal, and which cannot operate as an accord and satisfaction, nor as a release of any kind because the whole tenor thereof is at enmity with the notion of an admission of payment, may nevertheless operate as a receipt in full of all demands, or as an agreement not to enforce liability by reason of the judgment": 24 Am. & Eng. Ency. of Law, 283.

The endorsement on the check in this case cannot operate as anything but a receipt for the amount of money therein stated. It was not a release of the original debtor because it was not a voluntary act. It had no effect upon the individual liabilities of the partners because their property and their rights were never before the court of common pleas for adjudication.

The above construction of a receivership is uniform with the construction of the Negotiable Instrument Law under the Bankruptcy Act of July 1, 1898, Stat. at L. 544, by the Supreme Court of the United States. It is held in the Federal courts that where a partnership is bankrupt and the individual partners do not file their petition in

bankruptcy and have their assets properly distributed, they are liable on a note indorsed by them personally: Myers v. International Trust Co., 273 U. S. 380, 47 Sup. Ct. 372.

March 11, 1940, judgment is entered in favor of plaintiff in the amount of its claim.