## In re ADMIRAL CONTAINER CORP.

Bankr. No. 332–50.

United States District Court
D. New Jersey.

Feb. 27, 1951.

Morris M. Ravin, Lionel P. Kristeller, Newark, N. J., for debtor.

Thomas V. Jardine, Robert Carey, Jr., Newark, N. J., for Doris Z. Dodd.

MEANEY, District Judge.

Doris Z. Dodd, a creditor, objecting to confirmation of a plan of arrangement under Chapter XI of the Bankruptcy Act, 11 U.S.C.A. § 701 et seq., seeks a review

of the referee's determination. The principal grounds on which it is alleged that the referee erred are:

1. The plan is not for the best interests of the creditors.

2. The plan is not fair, equitable and feasible.

3. The debtor was guilty of acts which would bar its discharge under the Bankruptcy Act.

■ These assignments of error will be discussed in inverse order. The third ground, namely that the debtor was guilty of acts which would bar its discharge under the Bankruptcy Act, fails. The objecting creditor has the burden, at least, of showing that there are reasonable grounds for believing that the debtor has committed any acts which would prevent the debtor's discharge. See: 8 Collier on Bankruptcy (14th Ed.) p. 1208 et seq. In the case at bar this was not done. Specifications of objection were filed but no attempt was made to substantiate these by an offer of competent evidence. The most that was offered in this regard was remarks of counsel. At the hearing on confirmation of the plan, October 11, 1950, counsel stated, "Now, it may be that the debtor is guilty of acts that would bar discharge, if there were preferences or if property was spirited away—I don't know whether there was. I see the suggestion to that effect by the accountant. If so, the debtor is not entitled to discharge and would not, ipso facto, be entitled to confirmation of its proposal." In such a state of the record the referee could not find that the debtor was guilty of acts which would bar a discharge.

■ The argument with respect to whether the plan is fair, equitable and feasible is addressed essentially to feasibility. It is argued that there was no evidence that "Liner-Board", a raw material used in manufacturing boxes (the debtor's principal product), would be obtainable, that there was no evidence there would be sufficient money in the hands of the debtor, after payment of claims, with which to conduct the debtor's business. An examination of the record indicates that there was a sufficient basis for the referee's determination that the plan was feasible. Feasibility, so far as payment of creditors' claims is concerned, is amply demonstrated by the deposit of $65,000 which, together with the sums already in the hands of the trustee, was enough to pay the unsecured creditors in cash 25 per cent of their claims as provided by the plan. "Where an arrangement provides for the payment of cash to creditors upon confirmation, and provides for no other consideration, the question of feasibility does not arise since the cash must be deposited as a preliminary condition to confirmation." 8 Collier on Bankruptcy (14th Ed.) p. 1174.

■ On the issue of the best interests of the creditors, it is alleged that some of the creditors who approved the plan are also shareholders or are affiliated with shareholders of the debtor corporation. It is urged that the consents of these creditors should be disregarded in determining whether a majority in number and amount of the creditors approves the plan. Counsel cites In re Griffith Stillings Press, D.C.Mass.1917, 244 F. 315, and Lurie v. United States, 6 Cir., 1927, 20 F.2d 589, neither of which supports his proposition. In the Griffith Stillings Press case the court confirmed a composition even though the majority was, in amount, largely composed of claims held by persons closely associated with the corporation or its officers. The Bankruptcy Act, § 362, 11 U.S.C.A. § 762, provides for acceptance by a majority in number and amount of all creditors affected by the arrangement. § 308, 11 U.S.C.A. § 708 provides "A creditor shall be deemed to be 'affected' by an arrangement only if his interest shall be materially and adversely affected thereby. * * *" Certainly, acceptance of 25 per cent in settlement of a claim materially and adversely affects it. The requirements of the statute have been complied with in this respect. Whether other considerations motivated acceptance is not material as to the right of the creditor to vote. They may, however, be important in determining whether the plan is in the best interests of all the creditors. But the mere fact that some of the creditors are alleged to be shareholders, does not warrant a reversal of the referee's finding.

726

■ In further support of the objection that the plan is not for the best interests of the creditors, it is urged that no appraisal was made and that none of the parties or the court had sufficient knowledge of the extent of the debtor's assets. The appointment of an appraiser in a Chapter XI proceeding is discretionary. Bankruptcy Act, § 333, 11 U.S.C.A. § 733. However, an informed judgment as to the debtor's assets and its financial position is necessary to a determination of whether the plan is in the best interests of the creditors and whether it is fair and equitable. The referee had before him the schedules filed by the debtor showing assets in the amount of $281,775.76 and liabilities totaling $297,065.46. The report of the court-appointed accountant, however, showed assets totaling $493,760.98 and liabilities amounting to $401,641.51, leaving a net worth of $92,119.47. The record does not disclose any reconciliation of these widely divergent figures. In Securities and Exchange Comm. v. United States Realty & Improvement Co., 1940, 310 U.S. 434, 452, 60 S.Ct. 1044, 1052, 84 L.Ed. 1293, the Supreme Court enunciated the principle that in Chapter XI, 11 U.S.C.A. § 701 et seq., proceedings as well as in Chapter X, 11 U.S.C.A. § 501 et seq., proceedings " * * * unsecured creditors are entitled to priority over stockholders to the full extent of their debts and that any scaling down of the claims of creditors without some fair compensating advantage to them which is prior to the rights of stockholders is inadmissible." The plan provides for payment to unsecured creditors of 25 per cent of their claims in cash and although it does not specifically so provide, on consummation, ownership of the assets would continue in the shareholders. Such a result, if the debtor's assets exceed its liabilities, would be manifestly unfair and contrary to the principles of the United States Realty case, supra. See: 8 Collier, supra, p. 1187 et seq.

■ Under former section 77B of the Bankruptcy Act, 11 U.S.C.A. § 207, it has been decided that a determination of solvency or insolvency must be made before a plan of reorganization can be approved. In re Philadelphia & Reading Coal & Iron Co., 3 Cir., 1939, 105 F.2d 357. The same rule should be applied in Chapter XI proceedings, and so applied requires that the court have an informed judgment as to the value of the debtor's assets, for without such an informed judgment it cannot be said whether an arrangement is fair and equitable. Since the record does not disclose what the referee's finding as to the value of the assets was, this court is unable to say whether the referee erred in confirming the plan. If it is found that the debtor's assets exceed its liabilities, it would seem that the rule of the United States Realty case, supra, would require payment of unsecured creditors in full, not necessarily immediately but ultimately. Unless the rights of unsecured creditors are thus fully recognized, in such a circumstance, an arrangement would not be in the best interests of the creditors, nor would it be fair and equitable. On the other hand, should it be determined that the debtor is insolvent in a bankruptcy sense, that is, its liabilities exceed its assets, a plan of arrangement such as that proposed, offering less than full payment to the creditors, would be in the creditors' best interests and fair and equitable only if the contribution by the stockholders is reasonably equivalent to the value of the rights they would continue to enjoy. Case v. Los Angeles Lumber Co., 1939, 308 U.S. 106, 60 S.Ct. 1, 84 L.Ed. 110; Mecca Temple of Ancient Arabic Order of Nobles of Mystic Shrine v. Darrock, 2 Cir., 1944, 142 F.2d 869. Accordingly, the matter will be again referred to the referee for further proceedings not inconsistent with the principles herein expressed.

■ The petition for review alleges, in addition to the foregoing, that the debtor failed to prove that the arrangement was entitled to confirmation and that the vote on the plan was invalid because votes were taken at successive meetings at which the plan was at first allegedly rejected, then finally approved. These contentions do not warrant extended comment at this time. Suffice it to say that they are found to be without merit.

An order may be submitted in conformity with this opinion.