219 F.2d 472
 In the Matter of Stanley GINSBERG and Henry Ginsberg, Individually and as Copartners Now or Late Trading as Hensten Appliance Co., Bankrupts.
APPEAL of Stanley GINSBERG and Henry Ginsberg.
 No. 11380.
 United States Court of Appeals, Third Circuit.
 Argued December 21, 1954.
 Decided March 1, 1955.
 Rehearing Denied March 22, 1955.
 
 Marshall H. Morgan, Philadelphia, Pa., for appellants.
 Nathan Lavine, Philadelphia, Pa. (Miller, Adelman & Lavine, Philadelphia, Pa., on the brief), for appellee.
 Before MARIS and GOODRICH, Circuit Judges, and LORD, District Judge.
 MARIS, Circuit Judge.
 
 
 1
 This is an appeal from an order of the district court dismissing a petition to review the action of a referee denying the appellants, Stanley and Henry Ginsberg, their discharge in bankruptcy. The appellants had been adjudicated bankrupts both individually and as copartners trading as Hensten Appliance Co. The referee's action denying the appellants' discharge was based on his conclusion that they had obtained money or property on credit by making materially false statements in writing respecting their financial condition. Under section 14, sub. c(3) of the Bankruptcy Act, 11 U.S.C.A. § 32, sub. c(3), this, if established, is good ground for denying discharge. The referee's conclusion was based on his findings of fact that the appellants "as copartners" owed one Sidney Cohen $4,000 and one Joseph Abovitz $1,000 and had failed to disclose these debts in financial statements of the partnership which they had given for the purpose of obtaining credit.
 
 
 2
 In finding that these debts were owed by the appellants "as copartners" the referee apparently recognized, although he did not keep the distinction clear in his conclusions of law, that in bankruptcy a partnership is treated as an entity separate from the individual partners, Francis v. McNeal, 1913, 228 U.S. 695, 33 S.Ct. 701, 57 L.Ed. 1029; Myers v. International Trust Co., 1927, 273 U. S. 380, 47 S.Ct. 372, 71 L.Ed. 692; Liberty Nat. Bank of Roanoke, Va. v. Bear, 1928, 276 U.S. 215, 48 S.Ct. 252, 72 L.Ed. 536, and its estate is administered separately. Lurie v. United States, 6 Cir., 1927, 20 F.2d 589. The creditors of an individual partner do not share in the distribution of the partnership property along with the partnership creditors but only in the individual partner's share of any surplus of partnership property remaining after all the partnership debts are paid. Bankruptcy Act, § 5, sub. g, 11 U.S.C.A. § 23, sub. g. In other words, the partnership and its property as such are not liable for the individual debts of the partners.
 
 
 3
 In the present case the referee's conclusions cannot be supported in the light of these principles, and should have been set aside by the district court. For his findings, upon which they are based, that the Cohen and Abovitz debts were owed by the appellants "as copartners", are clearly erroneous. The uncontradicted evidence, on the contrary, establishes that the loan from Abovitz was made by Stanley Ginsberg individually more than a year before the partnership was formed to help him in the purchase of a home and the loan from Cohen was also made before the formation of the partnership by Stanley and Henry Ginsberg as individuals to provide them with capital for the purpose of forming it. Nor is there evidence that these debts were subsequently assumed by the partnership.
 
 
 4
 It has been held that a debt contracted by a partner individually to obtain capital which he turns over to the firm for its use is not a debt of the partnership unless expressly assumed by the latter. Donnally v. Ryan, 1861, 41 Pa. 306; Morrison v. Curry, 1910, 43 Pa. Super. 648; Strause v. Hooper, D.C.N.C. 1901, 105 F. 590. Thus the debt owing to Cohen by the appellants was not a partnership debt. Obviously the debt owing to Abovitz by Stanley Ginsberg alone was not such a debt. The two financial statements which the referee found to be false for failure to disclose these debts were each entitled "Financial Statement of Hensten Appliance Co." They did not purport to be statements of the individual financial position of the appellants. As financial statements of the partnership alone they were not required to and indeed properly could not include the assets and liabilities of the individual partners. Accordingly the failure of the appellants to disclose in these two statements the debts to Cohen and Abovitz did not render the statements "materially false" within the meaning of Section 14, sub. c(3).
 
 
 5
 The order of the district court will be reversed and the cause will be remanded with directions to grant the appellants their discharge in bankruptcy.