experiment, and by the use of the same process, they made a further supply.

At Joliet they remelted hardened slag with limestone (claim 2 of the patent). It is not shown that they added silica or silica-bearing stone (claim 1). But when they remelted the slag, a composition of the silica of the ore and the limestone flux, and, finding it by test deficient in lime, put limestone in the cupola, it would not require invention, if they added too much limestone to a particular charge of slag, to offset the excess by adding a proper amount of silica-bearing stone.

If the patent is not void for indefiniteness (Cerealine Mfg. Co. v. Bates, 101 Fed. 280, 41 C. C. A. 341; Tyler v. Boston, 7 Wall. 327, 19 L. Ed. 93), we think the process was anticipated by the prior use at Joliet. What Pettigrew and Gleason did was not an abandoned experiment. They knew the product they wanted to get. They experimented with hardened slag alone unsuccessfully. They determined what should be added, and why, and thereupon they succeeded. The process they discovered in 1884 did not lapse into a lost art. In 1886 they used it in successful manufacture. Why the Illinois Steel Company did not have them continue is not clear, but they were not the masters. Nevertheless, whenever they have been called upon since 1884 to explain the process, they have done so. The use was not secret. The process was practiced by Pettigrew and Gleason, and those who assisted, and was open to the observation of the employés generally, and of all who passed through the plant. We think there was abundant publicity. Coffin v. Ogden, 18 Wall. 120, 21 L. Ed. 821; Brush v. Condit, 132 U. S. 39, 10 Sup. Ct. 1, 33 L. Ed. 251; Forncrook v. Root, 127 U. S. 180, 8 Sup. Ct. 1247, 32 L. Ed. 97; Peters v. Active Mfg. Co., 129 U. S. 530, 9 Sup. Ct. 389, 32 L. Ed. 738.

The decree is affirmed.

---

In re LANE.

(District Court, D. Massachusetts. December 26, 1902.)

No. 5,191.

1. BANKRUPTCY—COMPOSITION—CREDITORS—FAILURE TO PROVE CLAIM—SUBSEQUENT ALLOWANCE—OBJECTION BY BANKRUPT.

Where a composition offered by a bankrupt was accepted, and some of the creditors failed to claim their dividends, the bankrupt was entitled to object to a preferred claim of a creditor, omitted from the schedule in good faith, and not proved within a year after the adjudication, and to the payment of such claim from the surplus in the hands of the court.

In Bankruptcy.

Eaton, McKnight & Carver, for creditor.
Joslin & Mendum, for bankrupt.

LOWELL, District Judge. The petitioner in this case failed, by inadvertence, to prove his claim within a year of the adjudication. The debt was not on the bankrupt's schedule, but its omission by the bankrupt was made in good faith, and under the circumstances was

almost unavoidable. The bankrupt offered a composition, which was duly accepted, and he made a sufficient deposit. Some of the creditors have failed to claim their dividends, and the petitioning creditor now seeks, against the objection of the bankrupt, to prove his claim, which is in its nature preferred, and to obtain payment thereof from the surplus left in the hands of this court. No objection has been made by other creditors. By the terms of the act proof is barred, provided the bankrupt has standing in court to raise an objection.

In Re Morton, 118 Fed. 908, this court said, "The purpose of the bankrupt act is the equal and equitable distribution of the bankrupt's property among his creditors, and the consequent discharge of the bankrupt from his obligations;" and again, "The bankrupt's property belongs to his creditors, and not to himself." It may be doubted, therefore, if the bankrupt can object to the proof and allowance of a just claim to share in an ordinary distribution in bankruptcy, though the claim is not proved within a year. In the case of an ordinary distribution, section 57n (Act July 1, 1898, c. 541, 30 Stat. 561 [U. S. Comp. St. 1901, p. 3444]) may be intended to protect only the other creditors.

But the question here presented is not that raised by an attempt to prove in ordinary bankruptcy proceedings, after the expiration of the year, as against the sole objection of the bankrupt. The case of composition is in some respects exceptional. It is a proceeding voluntary on both sides, by which the debtor of his own motion offers to pay his creditors a certain percentage of their claims in exchange for a release from his liabilities. The amount offered may be less or more than would be realized through distribution in bankruptcy by the trustee. The creditors may accept this offer or they may refuse it. For the purposes of the composition all the creditors are treated as a class, and the will of the majority is enforced upon the minority, provided the decision of the majority is approved by the court. Except for this coercion of the minority, the intervention of the court of bankruptcy would hardly be necessary. Section 12e (30 Stat. 550 [U. S. Comp. St. 1901, p. 3427]) provides: "Upon the confirmation of a composition, the consideration shall be distributed as the judge shall direct, and the case dismissed. Whenever a composition is not confirmed, the estate shall be administered in bankruptcy as herein provided." Composition is thus treated, even in the act, as in some respects outside of bankruptcy. In the ordinary case of distribution by a trustee, the debtor's whole property, save that which is exempt, is applicable to the payment of his debts, and belongs to his creditors, and not to him, until their claims have been satisfied. After adjudication there is no voluntary offer to pay by the bankrupt, and no bargained release by the creditor. The creditor takes all his debtor's property whether the debtor likes it or not, and the debtor is released whether the creditor likes it or not. The bankrupt's rights of property arise only in the event of a payment of his creditors in full. If a creditor will not prove his claim, the bankrupt does not take that creditor's share, but it goes to swell the dividends of creditors more diligent. Section 66 of the act (30 Stat. 564 [U. S. Comp. St. 1901, p. 3448]) has the same purpose, and does not apply to composition. But if

the composition is paid the creditors have no further claim upon the debtor or his property. In a composition the creditor gets, not his share of the bankrupt's estate, but what he bargained for, and he has no right to claim more. If he does not enforce his bargain, his failure should enure to the bankrupt's benefit, not to the benefit of another creditor. It follows that a bankrupt may be heard to object to the allowance in composition of a claim offered for proof after the expiration of a year. True, section 12e, 30 Stat. 550 [U. S. Comp. St. 1901, p. 3427], permits the distribution of the deposit in composition as the judge shall direct; but that provision does not require the court to permit the petitioner to prove in this case, and, if the matter be within the court's discretion, the court is not disposed to exercise that discretion in favor of the petitioner, though it might do so if the failure of the petitioner to prove were in any way chargeable to the bankrupt.

The petition to prove is denied.

UNITED STATES v. CLARK.

(Circuit Court, D. Montana. November 7, 1903.)

No. 157.

1. PUBLIC LANDS—SALE BEFORE ISSUANCE OF PATENT—BONA FIDE PURCHASERS.
   Where an entryman of public lands sold the land to defendant's vendor after the issuance of the entryman's final certificate, who thereafter sold the land to defendant before the issuance of patents, which were subsequently issued to the original entryman, the fact that defendant purchased before the issuance of the patent did not deprive him of the rights of a bona fide purchaser for value.

2. SAME—VACATION OF PATENT—FRAUD—EVIDENCE.
   A patent for public land will not be set aside on the ground of fraud committed by the patentees, where the proof is only sufficient to raise a suspicion of fraud not amounting to a conviction.

3. SAME.
   Facts reviewed, and held insufficient to authorize a decree setting aside a patent for public lands on the ground of fraud alleged to have been committed by the patentees.

In Equity.

Fred. A. Maynard, for the United States.
Walter M. Bickford and T. J. Walsh, for defendant.

KNOWLES, District Judge. In this suit the United States has filed its bill of complaint praying that certain patents, 82 in number, under which the defendant, William A. Clark, claims title to certain timber lands within the state of Montana, be set aside and annulled, upon the ground of alleged frauds committed by the patentees named in said patents in procuring the issue of the same. The patentees obtained these patents for timber lands under Act June 3, 1878, c. 151, 20 Stat. 89, as amended by Act Aug. 4, 1892, c. 375, 27 Stat. 348 [U. S. Comp. St. 1901, p. 1545], and, after having made final proof

¶ 1. See Public Lands, vol. 41, Cent. Dig. § 368.