In re KELLEY.

(District Court, D. Massachusetts. May 8, 1915.)

No. 19811.

BANKRUPTCY ⊂⊃385—DEPOSIT ON OFFER IN COMPOSITION—RIGHT TO ACCUMULATED INTEREST.

Where money deposited by a bankrupt with the clerk pursuant to an offer in composition during litigation by minority creditors earned interest, on final confirmation of the composition the bankrupt is entitled to the return of such interest.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 595, 596; Dec. Dig. ⊂⊃385.]

In Bankruptcy. In the matter of Thomas A. Kelley, bankrupt. On distribution of fund deposited in composition.

Sisk Bros., of Lynn, Mass., for bankrupt.

Tyler, Corneau & Eames and Brandeis, Dunbar & Nutter, all of Boston, Mass., for creditors.

MORTON, District Judge. After Kelley's adjudication as a bankrupt on an involuntary petition, he made an offer in composition of 42½ per cent., and in pursuance thereof deposited with the clerk of this court $232,012.36. The offer was accepted by the requisite number and

amount of creditors. Objection was made by a minority of the creditors to the confirmation of the offer, upon the ground that Kelley had committed acts which would be a bar to his discharge. The matter was referred to the referee, who reported in favor of confirming the composition; and the District Court passed an order to that effect. The objecting creditors then took the case to the Circuit Court of Appeals, by which the order of the District Court was affirmed. These proceedings lasted for a considerable time, during which the money on deposit in the clerk's hands has earned $9,426 interest. The question is whether this interest belongs to the bankrupt or to his creditors. No decision upon the point has come to my attention.

The bankrupt was not responsible for the delay which has occurred. It is not contended that he is obligated to pay to the creditors interest on the amounts of their dividends. The contention of the creditors is, in effect, that the money in the clerk's hands constituted a fund for their benefit, and that they are therefore entitled to the interest on it. It is not uncommon for a bankrupt offering composition to deposit with the clerk something beyond the amount actually required. Such surplus is returned to the bankrupt at the conclusion of the proceedings. The same disposition is made of unclaimed dividends, as was decided in this district. In re Lane (D. C.) 125 Fed. 772. I am unable to see any sound distinction in this respect between a surplus originally deposited by the bankrupt, a surplus arising out of unclaimed dividends, and a surplus created by accumulated interest on the fund in the clerk's hands. The offer by the bankrupt was not to distribute a fixed and stated amount among his creditors, nor to pay 42½ per cent. plus interest from any given date; it was to pay 42½ per cent. flat. The amount deposited was computed on that basis. That offer became effective only upon final confirmation by the court, which by Act July 1, 1898, c. 541, § 70f, 30 Stat. 565 (Comp. St. 1913, § 9654), operated to revest in the bankrupt his property. Until such confirmation the creditors had no fixed right to the fund, which up to that point in the proceedings is, I think, to be regarded as a guaranty for the bankrupt's performance of his offer. Sections 12b, 12e (Comp. St. 1913, § 9596). The creditors, when they accepted the offer, took the chance that there might be delay from litigation or other causes in the completion of it, for which the bankrupt was not responsible.

It follows that the interest should be returned to the bankrupt as surplus deposit.

So ordered.