## In re HAMMON.
### No. 10903.

District Court, N. D. California, S. D.
Sept. 26, 1935.

Chas. C. Boynton, of San Francisco, Cal., for petitioner.

ST. SURE, District Judge.

This matter is before the court upon an unverified petition for the return to petitioner of unclaimed composition moneys in a bankruptcy proceeding.

The petition avers that on September 17, 1917, a petition in involuntary bankruptcy was filed against petitioner; that subsequently petitioner filed a schedule of properties and a list of creditors; that in May, 1918, petitioner offered a composition in the sum of $250,000, which was accepted by a majority in number and amount of his creditors; that petitioner also paid into court $7,750 to cover expenses in said matter; that the composition was confirmed by the court and distribution of the composition moneys among the creditors was ordered, which order was obeyed by the referee in December, 1918; that in December, 1928, a second dividend was distributed, but certain of the creditors "wholly failed to claim the fund so coming to them"; that on May 11, 1933, a third and final dividend was distributed, being all of said moneys remaining and undistributed; that "certain of said creditors further wholly failed" to claim the amount of the dividend; that after a lapse of more than eighteen months, there remained in the hands of the referee $991.21, which sum was and now is deposited with the clerk of the court. Prayer was for an order upon the clerk to return the said sum to the bankrupt.

Provision for the return of unclaimed dividends is made by section 66 of the Bankruptcy Act (11 USCA § 106, Act of 1898, c. 541, § 66, 30 Stat. 564), which section is as follows: "§ 106. Unclaimed Dividends. (a) Dividends which remain unclaimed for six months after the final dividend has been declared shall be paid by the trustee into court. (b) Dividends remaining unclaimed for one year shall, under the direction of the court, be distributed to the creditors whose claims have been allowed but not paid in full, and after such claims have been paid in full the balance shall be paid to the bankrupt."

Applying this provision to the facts as shown by the petition, it is obvious that petitioner has not met the requirements of the statute. There is no averment or showing that all of the claims allowed were paid in full, and that the funds now in the hands of the clerk are surplus funds. There is only the mere assertion in the petition that certain of the creditors wholly failed to claim the dividends that were distributed to them. Granting that certain creditors failed to receive the second and third dividends, it would not follow that the bankrupt was entitled to whatever funds were returned unclaimed. In re Lane (D. C.) 125 F. 772, 773; In re Morton (D. C.) 118 F. 908; Collier on Bankruptcy (13th Ed.) vol. 2, p. 1496, et seq. The remaining creditors, unless their claims had been paid in full, might be entitled to an additional payment on their claims out of whatever remained.

The facts in the cases relied upon by petitioner at once distinguish them from the case presented here. The court is cited to no authority, and finds none, that would warrant the relief prayed for.

The petition will be denied.