## In re RAPAPORT.
### No. 4644.

District Court, W. D. Michigan, S. D.
June 3, 1937.

---

[1] No opinion for publication.

Warner, Norcross & Judd, of Grand Rapids, Mich., for alleged bankrupt.

Finkelston, Lovejoy & Kaplan, of Detroit, Mich., for petitioning creditors.

RAYMOND, District Judge.

On October 26, 1932, an order was entered denying the petition of the attorneys for petitioning creditors for allowance of fees and expenses because of laches in filing the petition during a period of six months following the date of hearing on application for confirmation of the composition offer. A petition has now been filed for the same services and disbursements, whereby it is sought to recover the balance of the unclaimed funds deposited by bankrupt in performance of the offer of composition. The brief filed in support of the petition cites no cases which involve surplus funds deposited pursuant to an offer of composition, and diligent search fails to disclose such cases. It is the judgment of the court that no power exists to award payment of attorney fees and expenses out of such surplus. Section 70f of the Bankruptcy Act, 11 U.S.C.A. § 110(f), provides that upon confirmation of a composition offer by a bankrupt, the title to his property thereupon shall revest in him. It has been held that the result of the confirmation is to take the estate out of the jurisdiction of the bankruptcy court and restore it to the bankrupt. See Gilbert's Collier on Bankruptcy (4th Ed.) § 1566. In section 3057 of Remington on Bankruptcy, it is said: "By the confirmation of the composition, title to the assets revests in the bankrupt, and the jurisdiction and control of the bankruptcy court ceases, unless, perhaps, expressly retained for the purpose of carrying out some special terms of the composition, and except, of course, in so far as it may be necessary to effect a restoration of the assets to the bankrupt."

In the case of In re Hammon (D.C.) 12 F.Supp. 228, 229, it was held that the bankrupt himself was not entitled to unclaimed composition moneys in bankruptcy upon the showing that certain creditors failed to claim dividends where there was no showing that all claims allowed were paid in full.

In any view of the case, the court is of the opinion that no authority is vested in the bankruptcy court to dispose of composition funds for any other purpose than the fulfillment of the composition offer and as directed by the provisions of the Bankruptcy Act herein referred to.

An order will be entered denying the petition of attorneys for petitioning creditors filed April 15, 1937, for allowance of fees.