### In re VULCAN & REITER CO., Inc.

Appeal of L. HILLER & SON, Inc., et al.
No. 240, Docket 20556.

Circuit Court of Appeals, Second Circuit.
May 29, 1947.

---

[4] The John G. Stevens, 170 U.S. 113, 18 S.Ct. 544, 42 L.Ed. 969.

cepted by the majority in number and amount.

"As to the nature of the rights of a creditor upon the confirmation of a composition, Judge Lowell of the United States District Court, District of Massachusetts, says, In re Lane, 125 F. 772, 773, 11 Am.Bankr.R. 136, 137:

"'The case of composition is in some respects exceptional. It is a proceeding voluntary on both sides, by which the debtor of his own motion offers to pay his creditors a certain percentage of their claims in exchange for a release from his liabilities. The amount offered may be less or more than would be realized through distribution in bankruptcy by the trustee. The creditors may accept this offer or they may refuse it. For the purposes of the composition all the creditors are treated as a class, and the will of the majority is enforced upon the minority, provided the decision of the majority is approved by the Court. Except for this coercion of the minority, the intervention of the court of bankruptcy would hardly be necessary.

"'Section 12c (30 Stat. 550 [11 U.S.C.A. § 30, sub. e]; U.S.Comp.St.1901, p. 3427), provides: "Upon the confirmation of a composition, the consideration shall be distributed as the judge shall direct, and the case dismissed. Whenever a composition is not confirmed, the estate shall be administered in bankruptcy as herein provided." Composition is thus treated, even in the act, as in some respects outside of bankruptcy. In the ordinary case of distribution by a trustee, the debtor's whole property, save that which is exempt, is applicable to the payment of his debts, and belongs to his creditors, and not to him, until their claims have been satisfied. After adjudication there is no voluntary offer to pay by the bankrupt, and no bargained release by the creditor. The creditor takes all his debtor's property whether the debtor likes it or not, and the debtor is released whether the creditor likes it or not. The bankrupt's rights of property arise only in the event of a payment of his creditors in full. If a creditor will not prove his claim, the bankrupt does not take that creditor's share, but it goes to swell the dividends of creditors more diligent.

Bernard Cowen, of New York City, for appellant.

John F. X. McGohey, U. S. Atty., of New York City and James A. Devlin, Asst. U. S. Atty., in opposition.

Before SWAN, AUGUSTUS N. HAND and FRANK, Circuit Judges.

PER CURIAM.

The order is affirmed on the opinion of the Special Master which reads as follows:

"In this matter, the amount sought to be recovered represents a part of the sums deposited for the purpose of a composition which was confirmed.

"The composition called for the payment of 30% to creditors which this petitioner received.

"Petitioner seeks to recover the total amount on deposit, namely $818.50, which is less than 70% of petitioner's original claim.

"In my opinion, petitioner's prayer must be denied. I base my opinion on the legal nature of a confirmed composition which is binding on all creditors (whether they actually accepted it or not), if ac-

" 'Section 66 of the act (30 Stat. 564 [11 U.S.C.A. § 106]; U.S.Comp.St.1901, p. 3448) has the same purpose, and does not apply to composition. But if the composition is paid, the creditors have no further claim upon the debtor or his property. In a composition the creditor gets, not his share of the bankrupt's estate, but what he bargained for, and he has no right to claim more. If he does not enforce his bargain, his failure should enure to the bankrupt's benefit, not to the benefit of another creditor.'

"This decision has been cited with approval in many decisions, including the following: Cumberland Glass Mfg. Co. v. DeWitt, 237 U.S. 447, 453, 454, 35 S.Ct. 636, 59 L.Ed. 1042, 34 Am.Bankr.R. 723; Myers v. International Trust Co., 273 U.S. 380, 383, 47 S.Ct. 372, 71 L.Ed. 692, 9 Am.Bankr. R.,N.S., 306, 309; and In re Kornbluth, 2 Cir., 65 F.2d 400, 401, 23 Am.Bankr.R., N.S., 347, 349.

█ "The money on deposit with the Treasury of the United States is money that was originally put up for the purposes of the composition and was at the time, in legal effect, property of the bankrupt. It makes no difference that petitioner did not actually consent to the composition, the consent of the majority in number and amount of creditors has the same legal effect as actual consent by petitioner. Creditors, including petitioner, having received what they bargained for or what was bargained for in their behalf as the case may be, have no further claim to receive the balance of their original claims from *any* source.

█ "Petitioner's recourse to Chapter XI, Section 302, 11 U.S.C.A. § 702, enacted in 1938, long after this proceeding, in an attempt to argue that (In re Lane supra), which holds that Section 66 of the Bankruptcy Law has no application to compositions under former Section 12, is no longer the law, avails it nothing. In the first place, I am not prepared to hold that Section 66 is applicable to Chapter XI proceedings. In the second place, the proceeding at bar was a proceeding under old Section 12 and

Section 302 has no application to Section 12 proceedings, superseded by Chapter XI, 11 U.S.C.A. § 701 et seq. Nor are decisions in bankruptcy proceedings, where the assets have been administered in bankruptcy (as distinguished from compositions under former Section 12), which hold that a bankrupt is not entitled to assets remaining unpaid in the absence of proof that creditors have been paid in full, in point at all. Such a case is the unreported decision of Judge Bondy, July 9, 1931, in Re Saul Oliner and Isidore Oliner, individually and as copartners trading as Oliner Bros., No. 20724. Pennsylvania Railroad Co. v. United States, 3 Cir., 98 F.2d 893 and Louisville & Nashville R. Co. v. Robin, 5 Cir., 135 F.2d 704, are not applicable as they were not cases under the Bankruptcy Act.

█ "Lastly, petitioner relies upon In re Hammon, D.C.N.D.California, 12 F.Supp. 228. In this matter, following the confirmation of a composition where certain creditors 'failed to claim the fund so coming to them' (that is under the terms of the composition), bankrupt applied, under Section 66 of the Bankruptcy Act, for payment to him of the funds left in the hands of the Referee, which, after 18 months, the Referee had caused to be deposited with the Clerk of the Court. Bankrupt's motion was denied, the Court holding that he had not brought himself within Section 66, as there was no averment or showing that all of the claims allowed were paid in full—that the moneys in the hands of the Clerk were surplus funds.

"Though the Judge, in support of his decision, cites In re Lane supra, he makes a statement at variance with Judge Lowell's reasoning therein, when he gives, as a reason for his decision, the fact that creditors, not paid in full, might be entitled to an additional payment on their claims.

"In so far as In re Hammon is in conflict with In re Lane, I believe the latter case is correct in holding that where a creditor has received his share as provided in a confirmed composition, his claim is satisfied in full for all purposes. As this is petitioner's situation, in my opinion, its claim should be denied."