**In re VULCAN & REITER CO., Inc.**

No. 31259.

United States District Court
S. D. New York.
May 17, 1948.

On Motion for Reargument July 29, 1948.

Abraham Karp, of New York City, for bankrupt.

Nathaniel L. Goldstein, Atty. Gen., of the State of New York (Murray Sylvester, Asst. Atty. Gen., of counsel), for the State.

LEIBELL, District Judge.

On January 13, 1922, the petitioner herein, Vulcan & Reiter Co. Inc., was adjudicated a bankrupt. Thereafter, pursuant to Section 12 of the Bankruptcy Act of 1898, 11 U.S.C.A. § 30, a composition was approved and a sum of money was deposited with the Equitable Trust Company for distribution to creditors pursuant to the order of compromise. On July 18, 1925 a balance of $818.50 remained of the funds so deposited by the petitioner. This balance, after having been paid into the registry of the Court, was transferred to the United States Treasury.

In 1945, the Attorney General of the State of New York commenced an escheat proceeding under the Abandoned Property Law of the State of New York, Consol. Laws, c. 1, §§ 1200–1212, Chap. 697, Laws of 1943, against certain undistributed funds of old bankruptcy estates, including this balance of $818.50 in the above matter.

In 1946, another claimant, one of the creditors of the bankrupt, filed an application for payment of this balance of $818.50 on the grounds that the balance of unpaid dividends should enure to the benefit of diligent creditors whose claims had not been paid in full. This was the practice in ordinary bankruptcy cases where there had been no composition and where all the assets of the debtor were applied to the payment of claims of creditors. In such cases unclaimed dividends did enure to the bene-

fit of diligent creditors who applied for payment thereof. In re Searles, 2 Cir., 1948, 166 F.2d 475; In re Raabe, Glissman & Co., Inc., D.C.S.D.N.Y.1947, 71 F.Supp. 678. The Circuit Court of Appeals for this Circuit has held that the same rule does not apply to compositions effected under Section 12 of the Bankruptcy Act of 1898, and that the creditors who had been paid under the composition were not entitled to payment of unclaimed sums payable to other creditors under the composition. In re Vulcan & Reiter Co., Inc., 2 Cir., 1947, 162 F.2d 92. Quoting in full the opinion of the Special Master, the Court held, 162 F.2d at page 94: "The money on deposit with the Treasury of the United States is money that was originally put up for the purposes of the composition and was at the time, in legal effect, property of the bankrupt. * * * Creditors, including petitioner, having received what they bargained for or what was bargained for in their behalf as the case may be, have no further claim to receive the balance of their original claims from any source."

On October 29, 1947, the bankrupt applied for an order, pursuant to Section 852 [now Section 2042] of Title 28 U.S.C.A., reopening the bankruptcy proceedings to determine the interest of the bankrupt in the unclaimed balance of $818.50. On October 30, 1947 an order was signed granting the application and referring the matter to a referee in bankruptcy, to take proof and report as to the interests of the bankrupt in the balance of $818.50. The State of New York opposed the application, appearing as amicus curiæ in the proceedings before the referee. On April 5, 1948 the referee submitted his report wherein he found that the bankrupt was entitled to the balance of $818.50 on deposit in the Treasury of the United States.

On April 21, 1948 the State of New York was permitted to formally intervene in these proceedings, after the bankrupt had moved on April 14, 1948 to confirm the referee's report of April 5th.

The State of New York contends that title to the funds deposited by the bankrupt vested irrevocably in the creditors and that since certain of the creditors have not claimed their dividends and cannot be found, they have abandoned the funds which are now subject to escheat by the State. The State bases its contention upon the rule that in a composition the "rights of each creditor are fixed by the terms of the debtor's offer, subject only to its confirmation and the judge's order of distribution". Nassau Smelting & Refining Works v. Brightwood Bronze Foundry Co., 1923, 265 U.S. 269, 273, 44 S.Ct. 506, 507, 68 L. Ed. 1013. Such circumstances, it asserts, indicate that title to the funds vests in the named creditors.

Some courts have indicated a contrary rule in favor of the contention that title to the funds deposited by the bankrupt under the composition offer remains in the bankrupt until the creditor receives the payment. In Re Lane, D.C.Mass.1902, 125 F. 772, 773, the Court stated: "Section 66 of the act (30 Stat. 564, U.S.Comp.St.1901, p. 3448 [11 U.S.C.A. § 106]) has the same purpose, and does not apply to composition. But if the composition is paid the creditors have no further claim upon the debtor or his property. In a composition the creditor gets, not his share of the bankrupt's estate, but what he bargained for, and he has no right to claim more. If he does not enforce his bargain, his failure should enure to the bankrupt's benefit, not to the benefit of another creditor."

In the case of In re Kelley, D.C.Mass. 1915, 223 F. 383, 384, the Court held that the bankrupt was entitled to accumulated interest on the fund deposited up to the time of confirmation of the composition and also stated that "until such confirmation the creditors had no fixed right to the fund". The court, in the discussion part of its opinion, approved the doctrine of the Lane case. " * * * It is not uncommon for a bankrupt offering composition to deposit with the clerk something beyond the amount actually required. Such surplus is returned to the bankrupt at the conclusion of the proceedings. The same disposition is made of unclaimed dividends, as was decided in this district. In re Lane, D.C., 125 F. 772. I am unable to see any sound distinction in this respect between a surplus originally deposited by the bankrupt, a surplus arising out of unclaimed dividends,

and a surplus created by accumulated interest on the fund in the clerk's hands."

The case of In re Hammon, D.C.N.D. Calif.1935, 12 F.Supp. 228, considered a bankrupt's interest in such a fund and held that in the absence of a showing by the bankrupt that all of the claims allowed were paid in full in the distribution of the composition monies, the bankrupt was not entitled to the funds that remained unclaimed. But the court, in reaching this conclusion, mistakenly applied the provisions of Section 66, Bankruptcy Act, 11 U.S.C.A. § 106, and stated that the remaining creditors, unless their claims had been paid in full, might be entitled to an additional payment on their claims out of whatever remained. This case in its holding that creditors might share in the unclaimed composition funds, has been rejected by the Circuit Court of Appeals for the Second Circuit. In re Vulcan & Reiter Co., Inc., supra, 162 F.2d at page 94.

■ I am of the opinion, however; that where the State steps in and claims the fund as having escheated under a state statute because of lapse of time, the bankrupt's claim to the fund is not superior to that of the State. The State's claim is based upon the right of the creditor who has failed to receive his proper amount to which he became entitled on the confirmation of the composition.

This conclusion rests upon the nature and effect of a composition. A composition under Section 12 of the Bankruptcy Act of 1898 had "many attributes peculiar to itself" (In re Goldberg, 6 Cir., 1931, 53 F.2d 454, 456, 80 A.L.R. 399) and is "in some respects exceptional" (In re Lane, supra, 125 F. at page 773). In Myers v. International Trust Co., 273 U.S. 380, 383, 47 S.Ct. 372, 374, 71 L.Ed. 692, the Court stated that: " * * * a 'composition partakes of the nature of a contract.' It is settled by the decisions of this court in Cumberland Glass Mfg. Co. v. De Witt, 237 U.S. 447, 453, 454, 35 S.Ct. 636, 59 L.Ed. 1042, and Nassau [Smelting & Refining] Works v. Brightwood [Bronze Foundry] Co., 265 U.S. 269, 271, 273, 274, 44 S.Ct. 506, 68 L. Ed. 1013, that a composition is 'a settlement of the bankrupt with his creditors'—in a

measure superseding and outside the bankrutpcy proceedings—which originates in a voluntary offer by the bankrupt, and results, in the main, from voluntary acceptance by his creditors; that the respective rights of the bankrupt and the creditors are fixed by the terms of the offer; and that upon the confirmation of the composition they get what they 'bargained for,' and no more."

The creditor's proof of claim in a composition is not against the bankrupt's estate but is a " * * * claim against funds deposited by the debtor pursuant to a bargain with his creditors." In re Mirsky & Co., 2 Cir., 1929, 32 F.2d 676, 678.

In re Kornbluth, 2 Cir., 1933, 65 F.2d 400, 401, the Court, stating that upon confirmation of a composition the debtor becomes reinvested with the title to his property, pointed out that such reinvesting of title does not apply to the property which is deposited as consideration for the composition. The Court said: "In the usual proceedings, the debtor is adjudicated a bankrupt, and divested of his property. But, where the proceedings result in the confirmation of an offer of composition, the case is dismissed, even though the debtor has not yet been adjudicated a bankrupt. * * * The debtor is reinvested with all his property except such as may have been deposited with the court to secure performance of the composition."

The distinctive nature of a composition was explained by the court in In re Realty Associates Securities Corporation, 2 Cir., 1934, 69 F.2d 41, at page 43, the Court stating, as follows: "In composition there is distributed not the bankrupt's 'estate,' but a fund required by section 12 consisting of the consideration for creditors and the money necessary to pay prior debts and costs. * * * The rights of each creditor are fixed by the terms of the debtor's offer subject only to its affirmance and the judge's order of distribution."

A composition under Section 12 of the Bankruptcy Act of 1898 was in effect a contract between the debtor and his creditors by which he obtained a settlement of their claims against him by paying an agreed sum into court for distribution to such creditors by order of the court. Upon

confirmation of the composition or agreement the debtor received as consideration for his agreement what was in effect a discharge in bankruptcy. The rights of the debtor and the creditors became fixed as of the time of confirmation and nothing more remained to be done but the distribution of the fund. A further feature of composition proceedings was that where there had been an adjudication in bankruptcy prior to the composition and title to the bankrupt's assets passed to a trustee in bankruptcy, the order of confirmation of the composition operated to reinvest the bankrupt with title only to those assets which did not constitute part of the composition fund. The composition, or agreement of settlement, constituted a fully executed contract between the debtor and his creditors at the time of the order of confirmation and title to the fund must have passed to the creditors at that time. The debtor, having completely divested himself of title to the property and having received consideration by way of a release or discharge, should not be allowed any portion of the fund against the claim of one standing in the place of the unpaid creditor.

■ The intervention of the State of New York in this proceeding does not vest this court with jurisdiction to determine its rights to the fund under the principles of escheat. That is the function of the courts of the State of New York in a proceeding under the New York Abandoned Property Law, §§ 1202, 1203. It will require a judgment of escheat in the State Court proceeding to enable the State to enforce its claim in this bankruptcy proceeding. In re MacMasters, D.C.S.D.N.Y.1945, 60 F.Supp. 733. This the State can readily obtain. The existence of a superior claim in the State as the legal successor to the rights of the unpaid creditor under the composition, is sufficient reason for disapproving the report of the referee allowing the claim of the debtor in the sum of $818.50. The debtor's claim is rejected.

### On Motion for Reargument.

This is a motion for reargument of a motion to confirm a Referee's report in this matter dated April 5, 1948. On May 17, 1948 the Court disapproved the Referee's report, and held that the bankrupt was not entitled to a balance of $818.50 on deposit with the United States Treasury, because the funds were deposited pursuant to a composition under Section 12 of the Bankruptcy Act of 1898 and title thereto had vested in the creditors. Those creditors who failed to collect on their claims would, in an escheat proceeding by the State of New York, be deemed to have abandoned the money on deposit.

■ On June 16th the bankrupt's attorney applied for a reargument and now claims that the fund in question must be the property of the bankrupt, because all the creditors were paid the sums due them under the composition.

The Court has caused to be made an examination of the schedules, the files of the Referee and the files in the Clerk's office, to ascertain if, in fact, all the creditors had received and collected the checks distributed to them under the composition. The receiver of the estate and the depositary bank report that at this late date they have no records of the payments made under the composition agreement. Apparently there exist no records through which it could be shown that the sum now on deposit with the United States Treasurer is a sum which the bankrupt paid to the depositary in excess of the amount due the creditors under the composition. The bankrupt, as the claimant, has the burden of proof.

The Referee in Bankruptcy has reviewed the court record and his files and reported to the Court on July 20, 1948, that: "It would appear from the information I have been able to gather that the sum of $818.50 represents aggregate of checks of creditors who did not deposit same."

The bankrupt has adduced no proof to the contrary. He relies upon a statement by the receiver in his application for a discharge (dated December 23, 1922) that he had made "a full distribution and that all creditors have been paid". But that is not proof that all the checks issued on the distribution had been cashed or collected by the creditors receiving the same. The burden is on the bankrupt to show that these are not funds due the creditors. Surely if they were funds due him he would have

290

sought them long ago, especially in view of the provision of the order of this court, dated April 17, 1922 which directed—"That it pay the balance remaining on deposit with the Equitable Trust Company, Colonial Branch, after the payments above mentioned, to the bankrupt or to Max Sheinart, its attorney". The "payments above mentioned" were those payable to the creditors and the expenses of the proceedings. It is a reasonable assumption that if there were any surplus either the bankrupt or his attorney would have taken steps to obtain it. That assumption is further justified by the statement in paragraph 4 of the petition of William Vulcan sworn to October 15, 1947, in this present proceeding. He says: "4. That some of the aforesaid creditors of the bankrupt failed and omitted to claim the amount set aside for them pursuant to the composition approved by the Court. That the total sum of such unclaimed moneys is $818.50. That in due course such sum of $818.50 was paid into the Registry of this Court as provided by law."

No facts have been presented to the Court which would warrant a conclusion different from that reached by the Court in its opinion of May 17, 1948. The motion for reargument is granted but the Court adheres to its opinion of May 17, 1948 and directs that an order be entered denying the petition of the bankrupt that the said sum of $818.50 be paid to him.