## UNITED STATES v. RIVERA et al.
### Civ. No. 5084.

District Court, Puerto Rico.
Aug. 7, 1948.

Pascual A. Rivera, Ass't. U. S. Atty., of San Juan, Puerto Rico, for plaintiff.

No appearance for defendants.

CHAVEZ, District Judge.

On March 1, 1948, plaintiff filed its complaint praying for judgment against the defendants in the sum of $270.23 plus interest and costs. A motion for attachment to secure the effectiveness of judgment was filed on the same day. A writ of attachment was issued on March 1, 1948, whereby the Registrar of Property of Mayaguez was ordered to attach a rural farm belonging to the defendants in Ward Limon of Mayaguez composed of 38.56 cuerdas.

On March 15, 1948 the defendant Luis Rivera Rivera filed a letter with the Court which was taken by the Court as an answer to the complaint and the trial of the case was set for May 21, 1948. Plaintiff appeared on this latter date and moved the Court to consider the letter written by defendant Luis Rivera Rivera and treat the same as a motion to dismiss rather than as an answer. The Court ruled that the letter should be treated as a motion to dismiss rather than as an answer. The defendant did not appear at said hearing.

In the defendant's letter to the Court, now treated as a motion to dismiss, it is alleged among other things, that in the year 1945 defendant Luis Rivera Rivera filed a petition under Sec. 75 of the Bankruptcy Law, 11 U.S.C.A. § 203, and that

the claim was included in his plan for Composition or Extension. That said plan was accepted by a majority of creditors. In short, defendant on November 5, 1943, applied for Composition or Extension under Sec. 203, sub. e, 11 U.S.C.A.

On February 28, 1944, defendant filed a proposal for composition. No acceptance in connection with the indebtedness now sued on, was made of this proposal by the plaintiff. However, some animals were sold in the Bankruptcy proceedings and the proceeds applied to the indebtedness. This present action is for the collection of the deficiency. On August 18, 1944, debtor's proposal was confirmed by this Court.

The Farm Security Administration did not accept the proposal, which was accepted however by a majority in number and amount of the creditors. The Farm Security Administration received under the plan, the proceeds of the sale of animals, as provided by the debtor's proposal, which was confirmed by the Court. No objection to the plan was made by The Farm Security Administration, although that agency was notified that the plan proposed would come up for hearing on August 18, 1944. The animals were sold by order of the Conciliation Commissioner of July 5, 1944, as proposed by the plan (before confirmation), and requested by the holder of the chattel mortgage on, them, that is, the Plaintiff in this deficiency action.

The United States contends that the prohibition against maintaining suits terminates with the dismissal of the case, and that, after the order of August 18, 1944, defendant was subject to suit, even on debts affected by the Composition confirmed by this Court on said date.

In the first place, the "dismissal" referred to in the cases cited by the United States was a dismissal of the case because the petition had not been granted and a binding composition had not been confirmed by the Court, which is the situation in the present case.

In Re Synder, D.C., 32 F.Supp. 903, the petition itself had been dismissed. No question of a composition was involved, the case never got that far.

In Skinner v. Dingwell, 8 Cir., 134 F.2d 391, the petition was dismissed because debtor was not a farmer but a merchant. Of course, this dismissal involved a dissolution of the stay. There could be no composition under Sec. 203.

Plaintiff cites Remington on Bankruptcy, Vol. 10, Sec. 4033, p. 74. This citation from Remington also involves a dismissal of the Petition. The Petition in this case was never dismissed. The petition, in effect, was granted. The debtor proposed a plan for composition, it was accepted by a majority in number and amount of his creditors, and the plaintiff herein had notice, did not object, and accepted $150 realized from the sale of the animals securing the loan now sued on.

The applicable section in the present situation is Sec. 203, sub. k, 11 U.S.C.A. which provides: "(k) Upon its confirmation, a composition or extension proposal shall be binding upon the farmer and his secured and unsecured creditors affected thereby: Provided, however, That such extension and/or composition shall not reduce the amount of or impair the lien of any secured creditor below the fair and reasonable market value of the property securing any such lien at the time that the extension and/or composition is accepted, but nothing herein shall prevent the reduction of the future rate of interest on all debts of the debtor, whether secured or unsecured."

There was not in the composition proceeding and there is not presently any averment that the plan confirmed by the Court, after notice, reduced the amount of or impaired the lien of the Farm Security Administration below the fair and reasonable market value of its security.

■ A confirmed composition accepted by a majority of creditors in number and amount is binding on all creditors, whether they actually accepted it or not, and where a majority in number and amount has consented to a composition, including those who did not actually consent, and having received what they bargained for or what was bargained for in their behalf, have no further claim to re-

ceive the balance of their original claims from any source. In re Vulcan & Reiter Co., 2 Cir., 162 F.2d 92.

The motion to dismiss will be granted.