**In re UNITED MERCHANTS AND MANUFACTURERS INC. et al., Debtors.**

**Bankruptcy No. 79 Civ. 3516 (IBC).**

United States District Court,
S. D. New York.

Nov. 14, 1979.

Tenzer, Greenblatt, Fallon & Kaplan, New York City, for appellants; Edward L. Sadowsky, Stacy L. Wallach, New York City, of counsel.

Levin & Weintraub, New York City, for appellee; Michael J. Crames, New York City, Myron Trepper, of counsel.

## MEMORANDUM

IRVING BEN COOPER, District Judge.

Bankruptcy appeal. Appellants Vertical Industrial Park Associates ("VIPA") and Allison Realty Company ("Allison"), unsecured creditors of appellee, United Merchants and Manufacturers, Inc. ("UM&M"), a Chapter XI debtor, appeal from an order of Bankruptcy Judge Roy Babitt, dated April 19, 1979, denying them post-confirmation interest on their disputed claims which were settled after confirmation of the plan of arrangement ("Plan").

Under the Plan, UM&M was required to deposit on interest a reserve large enough

to cover claims in dispute at the time the plan was confirmed on June 30, 1978. Shortly before confirmation, VIPA and Allison, two of UM&M's landlords, filed claims which after deduction of UM&M's counterclaims aggregated approximately $14,000,000. These claims were settled on November 2, 1978 for $8,098,000, approximately 60% of the total net claims. Pursuant to the Plan, appellants received a distribution of 35% of the allowed amount on November 15, 1978.

Appellants contend that they are entitled to interest on the amount reserved by UM&M for payment of their claims as settled from the date of confirmation of the Plan until the date of the distribution. UM&M argues, and Bankruptcy Judge Babitt so held, that under the Plan all Class I creditors, of which VIPA and Allison are but two, are entitled to share in the interest on the reserve for their claims on a pro rata basis. The language of the Plan in question is Article III, § C(9):

> In connection with distributions to be made to Class I creditors . . . , so long as there remains outstanding a Claim of a Class I creditor which has not yet been determined in accordance with the Bankruptcy Act and the Rules of Bankruptcy Procedure, there shall be reserved from any such distribution the distribution which would have been made to such creditor as if its Claim had been a Filed and Allowed Claim or such lesser amount as the Bankruptcy Court may determine. Pending the determination of the Claim, an amount equal to the amount so reserved or such lesser amount as the Bankruptcy Court may have determined shall be placed at interest pursuant to the order of the Bankruptcy Court confirming the Plan. Interest earned shall be distributed at the time the deferred distribution is made and shall be in addition to all other payments to Class I creditors under the Plan. Upon any determination of any such Claim in whole or in part in favor of the debtors, the reserved amount less the amount paid by the debtors in respect of such Claim shall be paid to Class I creditors, Pro Rata,

together with the interest earned thereon.

In a well-considered opinion, Judge Babitt construed this language and declared the "words are unambiguous, and plural and indicate an intent to distribute pro rata to all Class I creditors, not merely to those whose claims were not finally allowed at confirmation." Slip op. at 5. In addition, Judge Babitt found his interpretation to be in accord with the intent of the Bankruptcy Act, 1898 Bankruptcy Act §§ 367 et seq., 11 U.S.C. §§ 767 et seq. (now repealed by Tit. IV, § 401(a) of the 1978 Bankruptcy Reform Act, eff. October 1, 1979, but in effect for cases commenced prior to that date), ("the Act"). We are in accord.

As a general rule in bankruptcy proceedings, "interest on the debtors' obligations ceases to accrue at the beginning of proceedings." *Vanston Bondholders Protective Committee v. Green*, 329 U.S. 156, 163, 67 S.Ct. 237, 240, 91 L.Ed. 162 (1946). The "delay in distribution [of the debtors' estate] is the act of the law; it is a necessary incident to the settlement of the estate." *Id.*

Under § 369 of the Act, 11 U.S.C. § 769, the Bankruptcy Court retains jurisdiction over claims which were not allowed as of the date of confirmation of a plan of arrangement. Should the claim be allowed, then under § 370, 11 U.S.C. § 770, the consideration provided for that claim by the arrangement "shall be distributed and the rights provided by the arrangement shall inure to the creditors to whom such debts are owing." In other words, appellants had no rights under the Plan until their claims were settled and then they only had such rights as provided for by the Plan.

Appellee argued before us on October 23rd, that the goal of the Plan is to provide the highest possible return for all the creditors. The pro rata interest distribution was bargained for by counsel and made a part of the Plan to insure creditors a larger percentage return on their claims. If UM&M did not have to set aside a reserve of 35% of the claims in dispute as of the

date of confirmation, approximately $84 million, Appellees' brief at 4, the initial distribution to creditors would have been larger.

Appellants counter by claiming that Judge Babitt's construction of the language in Art. III, § C(9) creates a windfall for those creditors who received a distribution at the time of confirmation at the expense of those creditors whose claims were not determined at that time. In effect, appellants contend that they are being penalized for not submitting a claim which was allowable at confirmation. Judge Babitt's response to this argument we find devastating: that adopting appellants' view "would be a seal of benediction to a raid on a debtor's treasury by a creditor whose claim was so overstated as to require a creditor to move against it." Slip op. at 7.

Appellants protest strongly Judge Babitt's declaration that their claims, as filed, were "grossly inflated." They point to the fact that the claims were settled for 60% of the amount filed and that if they had decided to litigate the various issues of law and fact raised by the claims and appellee's counterclaims, the dispute would have resulted in a trial before the Bankruptcy Court. Regardless of the disagreement about the size of the claims, the issue before us is interpretation of language in an arrangement in the context of the Act and the policies supported by the Act.

The law is clear that no rights accrue to a creditor until his claim is allowed and the arrangement confirmed. See *In re Kelley,* 223 F. 383 (D.Mass.1915). Judge Babitt found that the language of the Plan neither abridges this rule nor permits a creditor with a contested claim at confirmation to receive all the interest on that portion of the reserve which will be used to pay his claim when settled or allowed. Under the Plan, the interest on the reserve is to be distributed to all the creditors, including appellants, on a pro rata basis. Such a commendable result is both equitable to all the creditors and proper under the Act.

For the foregoing reasons, we affirm the order of the Bankruptcy Court and dismiss the appeal.

SO ORDERED.